IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 JUN 21 PS 23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANTHONY T. LEE, et al., <br>     Plaintiffs, <br><br> UNITED STATES OF AMERICA, <br>     Plaintiff-Intervenor and <br>     Amicus Curiae, <br><br> NATIONAL EDUCATION <br> ASSOCIATION, INC., <br>     Plaintiff-Intervenor, <br><br> v. <br><br> MACON COUNTY BOARD OF <br> EDUCATION, et al., <br>     Defendants, <br><br> JONELL MOSS, a minor, by her mother and next friend, PRISCILLA G. MOSS; TEANNA MILES, a minor, by her mother and next friend, GLORIA MILES; ARTASIA S. JACKSON, a minor, by her mother and next friend, ALTRICE AUSTIN; MARQUAVIUS SMITH, a minor, by his mother and next friend, DOROTHY SMITH; CALVIN COBB, JR., a minor, by his mother and next friend, GWENDOLYN S. COBB; LUDIE HALL and The KEEP SOUTH MACON ALIVE COMMUNITY ACTION GROUP, <br>     Plaintiffs-Intervenors, | CIVIL ACTION NO.: 3:70cv846-T |

### MOTION TO INTERVENE IN RESPONSE TO PETITION FOR EXPEDITED APPROVAL TO CLOSE TWO SCHOOLS AND FOR THE OPENING OF A NEW ELEMENTARY SCHOOL

The Movants respectfully file this Motion to Intervene as Plaintiffs-Intervenors in the above-styled cause, and as their grounds for intervention of right or intervention by permission or both, state the following:

1. Movants Jonell Moss, Teanna Miles, Artasia Jackson, Marquavius Smith and Calvin Cobb, Jr. are students enrolled at South Macon School in Roba, Macon County, Alabama. They are entitled to intervene of right herein pursuant to **Rule 24(a)(2)** of the *Federal Rules of Civil Procedure* in that they have a special interest in attending a school that is near to their neighborhood in Macon County, Alabama, and they have a special interest in obtaining a quality education in their neighborhood school;

2. Movants Priscilla G. Moss, Gloria Miles, Artrice Austin, Dorothy Smith and Gwendolyn S. Cobb are the respective parents of the minor Movants. They are entitled to intervene of right herein pursuant to **Rule 24(a)(2)** of the *Federal Rules of Civil Procedure* in that they have a special interest in having their children attend a school that is near to their neighborhood in Macon County, Alabama, and they have a special interest in obtaining a quality education for their children in their neighborhood school[1];

3. Movant Ludie Hall is a security officer at the Macon County School District's Alternative School that is located at South Macon School. He is also the President of the Keep South Macon Alive Community Action Group ("Keep South Macon Alive"), a non-profit organization comprised of parents, students, graduates and community supporters of South Macon School who have special interests in the children of South Macon being able to attend a school that is near to their neighborhoods in the South Macon area, in providing a quality education for the children of South Macon, and in preserving and maintaining their South Macon School. Movant Hall, as president and on behalf of Keep South Macon Alive, is entitled to intervene of right herein pursuant **Rule 24(a)(2)** of the *Federal Rules of Civil Procedure* in that

---

[1] *See attached* **Affidavits of Parents, shown as Exhibit 1-5 to this Motion to Intervene**

he has a special interest in the children of South Macon being able to attend a school that is near to their neighborhoods in the South Macon area, and he has a special property interest in his employment as security officer at the District's Alternative School at South Macon. School[2];

4. Movant Keep South Macon Alive is a non-profit organization comprised of parents, students, graduates and community supporters of South Macon School who have special interests in the children of South Macon being able to attend a school that is near to their neighborhoods in the South Macon area, in providing a quality education for the children of South Macon, and in preserving and maintaining their South Macon School;

5. The Movants' interests are not and cannot be adequately represented by the existing parties in that the existing Plaintiffs are no longer students in the Macon County school system, and Movants have a unique interest as citizens or residents of South Macon in maintaining the continued existence, operation and integrity of their neighborhood school. To disallow the Movants' intervention in this cause will impair their ability to protect their interests in this matter in that the Defendant Macon County Board of Education has taken steps to close South Macon School, consolidate it with three other locations in the county and destroy the only school serving children in the South Macon area;

6. Movants' complaint for injunctive and declaratory relief is based upon the facts that 1) the Defendants are under a continuing duty and obligation imposed by the United States Constitution and the laws of the State of Alabama which require that the right to due process not be violated and that the right to quality education not be denied; 2) the Defendant Macon County Board of Education has deliberately and systematically denied the children and parents of South

---

[2] *See attached* **Affidavit of Ludie Hall, shown as Exhibit 6 to this Motion to Intervene**

Macon School the right to due process under the laws in its efforts to restructure the school and to consolidate it with three other schools; 3) the Defendant Macon County Board of Education has deliberately and systematically denied the children and parents of South Macon School adequate facilities, equipment and materials necessary to ensure the quality of education that each child deserves; 4) the Defendant Macon County Board of Education has deliberately and systematically denied the children and parents of South Macon School access to adequate financial resources allocated for each child by various governmental entities; 5) the Defendant Macon County Board of Education has deliberately and systematically denied the children and parents of South Macon School access to information regarding the educational facilities for the children in the South Macon area; 6) the Defendant Macon County Board of Education has proposed a consolidation plan that requires South Macon's elementary school students, ranging in ages from 5-to-12 years, be bussed from their neighborhoods in the South Macon area to three different schools in Tuskegee, Alabama from distances as far away as 27.9 miles from their neighborhoods, requiring as much as an hour of drive time each way; 7) the Defendant Macon County Board of Education has placed portable classrooms at one of the schools to house the 5-year-old kindergarten students from the South Macon area, exposing them to an unsafe learning environment and in an unlawful setting inasmuch as portable classrooms have been outlawed in the State of Alabama; 8) the Defendant Macon County Board of Education is deliberately and systematically attempting to create a city school system under the guise of a county school system and, in effect, ushering in a system of taxation without representation; 9) the effect of the Defendant Macon County Board of Education's proposed school consolidation plan will be to close and abandon the county's only school that holds the record of the best test scores of students in the county and of being academically clear each year since the Alabama State Board of

Education has been monitoring the schools in the Macon County School District; and, 10) the Defendant Macon County Board of Education has deliberately and systematically displaced and disrupted students, teachers and administrators of South Macon School, the only school in the District that has had the same principal for the past 23 years;

7. The Movants propose the adoption of an alternative plan to the proposed consolidation plan that would best serve the children of south Macon County. This Court has jurisdiction over the Movants' claims in that they constitute a federal question and in that this Court has expressly reserved jurisdiction of this case; and,

8. Alternatively, and supplementally, the Movants meet the requirements for permissive intervention pursuant to **Rule 24(b)(2)** of the *Federal Rules of Civil Procedure*, since the Movants' claims have questions of law and fact in common with the Petition before this Court, and in that the Movants' intervention is at this beginning stage of the proposed school consolidation and closing proceedings and will not unduly delay or prejudice the adjudication of any Parties' rights.

**WHEREFORE, PREMISES CONSIDERED**, the Movants pray that an Order be entered permitting Movants to intervene as Plaintiffs-Intervenors in this case and to file at once their proposed complaint in intervention, a copy of which is hereto attached as Exhibit AA.

Respectfully submitted,

*/s/ Lateefah Muhammad*

Lateefah Muhammad (*Ala. Code* MUH001)

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997 telephone/facsimile
lateefah@earthlink.net
lateefahmuhammad@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion to Intervene in Response to Petition for Expedited Approval to Close Two Schools and for the Opening of a New Elementary School has been served upon the following counsel of record by United States Mail, postage prepaid, to the proper address on the ___12th___ day of _____July_____, 2005.

Deborah Hill Biggers, Esquire
for Macon County Board of Education
113 East Northside Street
Tuskegee, Alabama 36083

Chief, Education Opportunity Section
United States Justice Department
Civil Rights Division
Post Office Box 65958
Washington, D.C. 20035-5958

Fred D. Gray, Esquire
For National Education Association, Inc.
Post Office 830239
Tuskegee, Alabama 36083-0239

_____
Lateefah Muhammad