IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al.,<br>    Plaintiffs,<br><br>UNITED STATES OF AMERICA,<br>    Plaintiff-Intervenor and<br>    Amicus Curiae,<br><br>NATIONAL EDUCATION<br>ASSOCIATION, INC.,<br>    Plaintiff-Intervenor,<br><br>v.<br><br>MACON COUNTY BOARD OF<br>EDUCATION, et al.,<br>    Defendants,<br><br>JONELL MOSS, a minor, by her mother and next friend, PRISCILLA G. MOSS; TEANNA MILES, a minor, by her mother and next friend, GLORIA MILES; ARTASIA S. JACKSON, a minor, by her mother and next friend, ALTRICE AUSTIN; MARQUAVIUS SMITH, a minor, by his mother and next friend, DOROTHY SMITH; CALVIN COBB, JR., a minor, by his mother and next friend, GWENDOLYN S. COBB; LUDIE HALL and The KEEP SOUTH MACON ALIVE COMMUNITY ACTION GROUP,<br>    Plaintiffs-Intervenors. | CIVIL ACTION NO.: 3:70cv846-T |

## PLAINTIFFS-INTERVENORS' COMPLAINT

1. This Court has jurisdiction of this action under *Title 28, United States Code Sections 1331, 1343.* This cause is brought pursuant to the *Title 28 United States Code Sections 2201, 1981, 1982, 1983, 2000(c) et seq.,* **Rules 57, 65** and **65.1** of the *Federal Rules of Civil Procedure,* and the Fourteenth Amendment to the United States Constitution. It is brought to prevent the deprivation under color of state statute, ordinance, regulation, custom or usage of



rights, privileges, and immunities secured by the Constitution and laws of the United States.

2. The Plaintiffs-Intervenors, **Jonell Moss, a minor, by her mother and next friend, Priscilla Moss; Teanna Miles, a minor, by her mother and next friend, Gloria Miles; Artasia S. Jackson, a minor, by her mother and next friend, Altrice Austin; Marquavius Smith, a minor, by his mother and next friend, Dorothy Smith; Calvin Cobb, Jr., a minor, by his mother and next friend, Gwendolyn S. Cobb; and Ludie Hall** are citizens of the United States of America and of the State of Alabama. The minors are students at South Macon School and all reside in the South Macon school zone in Macon County, Alabama. Each parent and Ludie Hall are over the age of nineteen (19) years, reside in Macon County, Alabama and each parent represents their respective minor child in this action. Plaintiff-Intervenor **Ludie Hall**, as president, represents Plaintiff-Intervenor **Keep South Macon Alive Community Action Group**, a non-profit organization comprised of parents, students, graduates and community supporters of South Macon School who have special interests in the children of South Macon being able to attend the school that is near to their neighborhoods in the South Macon area, in the children being in a safe environment, in providing a quality education for the children of South Macon, and in preserving and maintaining their South Macon School. The Macon County School District is administered by the Defendant Macon County Board of Education under the supervision of the Alabama State Board of Education.

3. Pursuant to **Rule 23** of the *Federal Rules of Civil Procedure,* the Plaintiffs-Intervenors bring this action on their own behalf and on the behalf of all students, teachers and employees of South Macon School, parents of those students, and residents of the South Macon neighborhoods and communities of Armstrong, Boromville, Cotton Valley, Creek Stand, Davisville, Fort Davis, Fort Hull, Hannon, Roba (Crossroads) and Warrior Stand similarly

situated. The class is so numerous as to render joinder of all members impractical. There are questions of law and fact common to all members of the class. The Plaintiffs-Intervenors' claims are typical of the claims of the class and they will fairly and adequately protect the interests of the class in this action for injunctive and declaratory relief. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with response to the class as a whole. Further, prosecution of separate actions by individual members of the class would create incompatible standards of conduct for the parties opposing the class and adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

4. The Macon County Board of Education has been notorious in its storied past as a perpetuator of segregation as evidenced by the case of *Lee v. Macon,* **231 F.Supp. 743 (M.D. Ala. E.D. 1964)**. That case was primarily filed on behalf those non-white students and faculty members who were subjected to segregation in the public schools of Macon County, Alabama prior to 1963. *Lee v. Macon* struck down the old segregation laws of the state and gave this Court ongoing jurisdiction over the case.

5. The oversight of the Macon County school system by the federal court and other entities continued. The original plan submitted by the Board and approved by this Court has been amended several times, however, the federal court still has oversight of the Macon County schools up to this present moment. While many of the problems of the past have been remedied through Court Orders, there is still much to be desired to make the Macon County school system what it can and ought to be. When one considers the fact that educator extraordinaire, Dr. Booker T. Washington, started one of the world's most well-known and productive schools,

Tuskegee Institute (now Tuskegee University), in Tuskegee, Alabama, one would think that the Macon County School District ought to be the leader in education for students, especially African Americans, throughout the South, if not the world. Unfortunately, that is not the case.

6. In addition to the federal court orders, the Macon County School District has had Alabama State Board of Education intervention over the past years. It has only been free of financial receivership for about three years. Some Macon County schools still remain either on alert, probation or watch under academic monitoring by the State Board. South Macon School has never shown other than academic clear.

7. On November 1, 1995, at the outset the State Board's initial recent intervention, the Board's central office building burned completely to the ground. As a result of the complete burning, the fire marshals reportedly were not able to determine the cause of the fire. All of the Board's records housed in that building burned. Many suspected the fire was an "inside job" by those who were afraid of an uncovering of misdeeds. Thereafter, the Board had to "rebuild" its record system as best as it could from the ground up, and returned its offices to the old Board building. Along with financial receivership came academic monitoring of the local schools.

8. During the years of the State Board's financial receivership and academic monitoring, the school system did improved in some areas, however, it has been plagued with some serious problems of poor academic scores, high rates of student drop-outs, teacher, principal and superintendent turn-over and a change in Board members during every election. The racial make-up of the Board has changed dramatically in that it has been predominantly African American since the late 1970s. Many of the White students left the system to attend other schools, such as Macon Academy, a private school established in Macon County. Presently, the Board is all-African American, as are most of the schools in the system, except Notasulga High School in

Notasulga, Alabama, and a small sprinkling of non-blacks in other schools. The Macon County School District has never really reached the goals of this Court in terms of creating non-racially identifiable schools, except in the case of Notasulga High School. While the issue of "white flight" has been a problem for the Macon County School District, it has not been the problem at South Macon. Matter of fact, there has never been a large number of non-black children living in the area, let alone attending the school. There are many concerns of those who have sincere interests in the South Macon neighborhoods regarding the proposed closing of South Macon School and the effect closing it will have on the community, and who desire that the School continues as a viable institution for the benefit of the community.[1] South Macon is the center of the communities in the south Macon County area. And, South Macon has been a model of success for not only that area but for the entire county, in providing its students with a quality education, as well as positive social and personal values and development.

## FACTS

9. The present Board members were elected into office at different periods: President Katy S. Campbell, Esquire, in 2000; Vice President Harold White, in 1994; Member Alfonso Robinson, appointed in 2002 and elected in 2004; Member Ora Manning, in 2002; and, Member Alfred Randolph, in 2004. The Board appointed the present superintendent, Willie C. Thomas, in July 2003.

10. South Macon School, located in the Roba, Alabama community in the southeastern part of the county, was founded as a neighborhood school in 1926. About 15 years ago, the Board voted to change it from a K-12 school, under the Board's consolidation plan for all of the

---

[1] *See attached* Affidavits of parents, graduates, principal, employees and a former faculty member of South Macon, shown as Exhibit's A-I of this Complaint. In addition, on July 11, 2005, the Macon County Commission adopted a Resolution in support of South Macon School.

high schools in Macon County, to a K-8 school, with the promise by the Board that South Macon would be made a "state-of-the-art elementary school." ***See attached* Affidavit of Theodore Samuel, shown as Exhibit B.** Then, in 1995, the Macon Board voted to and moved the eighth grade. Again, in 2003, the Board voted to and moved the seventh grade, so that presently, South Macon is a K-6 school.

11. Each of the grades that were moved from South Macon by the Board since this Court's approval of the consolidation in 1991, occurred without this Court's approval. The Board neither requested nor was approved to move South Macon's seventh and eighth grades.

12. In 2004, the Superintendent recommended and the Board voted to approve the building of a new school to house the first through third grades, to absorb the students at Washington Public School and Tuskegee Public School. The Board voted to close Washington Public and to maintain Tuskegee Public as a fourth and fifth grade school. South Macon was not included in the plan to consolidate into the new school. Again, the Board neither requested approval nor was approval granted by this Court to consolidate the first through third grades, to restructure Tuskegee Public or to close Washington Public.

13. In February 2005, the Board and Superintendent named the new school, its new principal and its makeup without any participation and involvement from the South Macon students, teachers, administrators and community supporters. In fact, meetings regarding the new school were held without South Macon students, teachers, administrators and community supporters' knowledge that they had been planned and were taking place.

14. On April 21, 2005, the Superintendent recommended to the Board the closing of South Macon School. This recommendation came without proper notice to the students, parents, teachers, administrators and community supporters of South Macon. Upon inquiry by Board

member, Alfred Randolph, of whether the Superintendent had given notice to the South Macon people, the Board denied the recommendation when the Superintendent answered in the negative in a vote of three Board members, Alfred Randolph, Ora Manning and Alfonso Robinson, to two abstentions by President Katy S. Campbell and Vice President Harold White.

15. On April 25, 2005, the Superintendent sent a letter to the parents of students at South Macon regarding his "Plan for Progress" that he said he presented to the Board in January 2003.[2] This presentation was prior to his appointment in July 2003. Again, the Board had neither sought approval nor was approved by this Court to close South Macon School.

16. In his letter dated April 25, 2005, the Superintendent asked parents to join him on "**<u>Tuesday, May 3, 2005, at 6:00 p.m. at South Macon Elementary School</u> to discuss the restructuring program for our schools and the 'World of Possibilities' that will open up for our children.**" *Id.*

17. On May 3, 2005, at 6:00 p.m., the Board held a meeting that was in recess since its April 21, 2005, at South Macon Elementary School. Board members Alfred Randolph, Ora Manning and Alfonzo Robinson were in attendance. President Katy S. Campbell and Vice President Harold White were absent. Instead of conducting the business of the Board, the members adjourned the previous meeting without taking any formal action. The Superintendent presented his plan to a significant number of parents who attended. After his presentation, the Superintendent and Board allowed only about four parents and/or supporters to address the issues around the closing of South Macon, despite the numbers of persons who raised their hands to speak. Neither the Board nor the Superintendent allowed any additional questions and/or comments from the parents, students (there were at least two sixth grade students who raised

---

[2] *See* **Plaintiffs-Intervenors' Exhibit J of this Complaint.**

their hands with questions and were completely ignored), teachers, administrators or community supporters. The Superintendent simply said "Goodnight," walked away from the microphone and left the meeting.[3]

18. On or about May 19, 2005, during its regular monthly meeting, the Board, upon the recommendation of its Superintendent, voted to close South Macon School. The vote was 3-2, with President Katy S. Campbell, Vice President Harold White and Member Alfonzo Robinson voting to close the school, and Members Alfred Randolph and Ora Manning voting against closing it. Prior to the vote, the Board allowed a few questions and concerns from the public, and then went into executive session. As in the previous May 3 meeting, most of the many concerns of parents went unaddressed by the Superintendent and Board. *Id.*

19. The meetings on May 3, 2005 and May 19, 2005 were the only two meetings held with the parents, students, teachers, administrators and community supporters to discuss the proposed closing of South Macon, and none of the concerns of the people were sufficiently answered.

20. During the Board's June 16, 2005 regular monthly meeting, the parents, students, former students and supporters again asked to be heard. They presented a petition to the Board of over 580 names of South Macon people, asking the Board members and Superintendent to rescind the decision to close South Macon.[4] Upon the insistence of one Board member, Alfred Randolph, Vice President Harold White, who was chairing the meeting in President Campbell's absence, agreed to allow some discussion (two parents and one student), and then to call another meeting with the petitioners to consider their request. Upon agreement by Board members,

---

[3] *See* Affidavit of Plaintiff-Intervenor Priscilla Moss as shown in Exhibit 1 to Motion to Intervene
[4] *See attached* Petition, with its cover letter, shown as Exhibit K to this Complaint. This Petition is ongoing with additional numbers of Petitioners from throughout the county and other areas signing in support of South Macon School.

Chairman White informed the petitioners that a special meeting would be called to address the petitioners' concerns. He requested a written account of the concerns of South Macon parents and others and stated the Board will review them prior to the special meeting.[5] The Board scheduled a special meeting on July 21, 2005, at 5:30 p.m., one hour prior to its regular monthly meeting. None of the concerns given in the writing to the Board have been addressed.

21. On or about June 17, 2005, the Defendant Macon County Board of Education filed in this Court a Petition for Expedited Approval of to Close Two Schools and for the Opening of a New Elementary School. The Board petitioned this Court for an Order approving the closing of South Macon and Washington Public Elementary Schools. The petition also requested approval to open the new George Washington Carver Elementary School and to assign students from the closed schools. The Board's plan for South Macon "will result in the kindergarten students attending Lewis Adams Elementary Early Childhood Center; grades first through third attending the new George Washington Carver Elementary School; grades fourth and fifth attending Tuskegee Public Elementary School; and grade sixth attending Tuskegee Institute Middle School." *See* **Board's Petition, pp. 1-2.**

22. The Board's proposed closing of South Macon School is grounded upon allegations that the Macon County elementary school students in the Roba area in grades first through third need to be housed in a safe, modern, state-of-the-art elementary school, which would be conducive for learning; of environmental, maintenance and safety problems with the sewage treatment plant that services the school; of the lack of cost-effectiveness in maintaining the sewage treatment plant and possible fines for environmental violations; of total student population

---

[5] **A written account of the issues and concerns of the parents, students, former students and supporters of South Macon was sent to the Board as requested. A copy of said issues and concerned, with its cover letter, is herewith attached as Plaintiffs-Intervenors' Exhibit L.**

and the racial make-up; of no adverse impact of the teaching or administrative staff; and, of no transportation problems anticipated by the proposed actions. *Id. at pp. 2-3.*

23. The Board has completely failed to substantiate its allegations of that South Macon students will benefit any more from the Board's consolidation plan than if they remain in their neighborhood setting. It has completely failed to show that its restructuring plan has the approval and support of the Court and the State Board of Education. The Board has completely failed to develop a plan for incorporating all of the faculty and administrative staff into the restructuring of the schools, and has completely failed to substantiate its allegations that there will be no adverse impact on the teaching and administrative staff. The Board has completely failed to develop information or data to assess the total student population in the South Macon area, given the lack of enforcement of the School District's zoning rules. The Board has completely failed to substantiate the allegations that the problems with the sewage treatment plant that services South Macon School necessitate the closing of South Macon. It has completely failed to substantiate the allegations that it is no longer cost effective to operate the sewage treatment plant. The Board has completely failed to substantiate the allegations of expending thousands of dollars in maintenance expenses for the plant. It has completely failed to substantiate its claim of exposure to possible fines for environmental violations in the operation of the plant. The Board has completely failed to develop a transportation plan, under the restructuring of the schools, which will adequately serve the children of South Macon.

## ARGUMENT

24. The Plaintiffs-Intervenors contend that the proposed plan by the superintendent and Board to close and consolidate South Macon School is unconstitutional and unlawful. They aver that a justiciable controversy exists between the Parties as to the rights of the Plaintiffs-

Intervenors by virtue of the facts, conditions and circumstances herein set out, the Fourteenth Amendment to the United States Constitution, the ongoing jurisdiction of this Court and the state laws governing the Boards of Education in the State of Alabama.

25. The Plaintiffs-Intervenors further aver that, while the Macon County Board of Education claims the new school will be more conducive for learning for the first through third grades, the first through third grade students at South Macon are already learning at a level of achievement higher than most other students in the county. The test scores of the students at South Macon have been higher than test scores of other students in the county for a number of years. South Macon has never been placed on priority or watch because of its students' level of learning. It has consistently been academically clear. Therefore, the Board's plan to consolidate the first through third grades from South Macon will not result in a better education for the students at South Macon. The record speaks for itself: South Macon students are doing better than other students in the county.[6] The Plaintiffs-Intervenors argue that the students of South Macon will benefit more if they are allowed to remain in their neighborhood school, keep the same principal that has been with their school for 23 years, and keep the same highly qualified teachers who have performed over the years. This consistency and continuity, with parental and community involvement, have served the South Macon community well. If the Board were to invest in the children of South Macon as they should, as is needed and as it has other schools in the District, then the community will continue to thrive. South Macon has been neglected for

---

[6] *See attached* **Annual Report 2003 of the Alabama Department of Education, bulletin 2005, number 3, pp 9-15, shown herein as Exhibit M. In this Report, there is no finding of South Macon School under academic priority or watch as shown under the section of Career and College.** *See also* **Affidavit of Theodore Samuel, Exhibit B of this Complaint. In earlier times, South Macon also produced outstanding students. That is evidenced by many of the leaders in Macon County as noted in the Affidavit of the Honorable Alfonza Menefee, the first Black Probate Judge elected in the county, and a graduate of Macon County Training School, the precursor to South Macon School.** *See* **Exhibit H of this Complaint.**

years in terms of its facilities, equipment and materials. The Board has not invested funds into the facilities alone at South Macon in well over 10 years. They further contend that if the Board were to invest in upgrading the facilities, providing quality equipment and materials, again, South Macon students will continue to do well. Despite the neglect of the Board, the students, parents and administrators have performed and out-performed with the bare necessities and with contributions from the churches and organizations within the Macon County community. The Plaintiffs-Intervenors contend that the Board will deny them and the children of South Macon the right to a quality education for the children of South Macon if they cannot maintain their neighborhood school setting. The Plaintiffs-Intervenors further argue that the approval of the Board's plan will only serve to displace the students in South Macon, will cause them to regress rather than progress, and will adversely affect their academic performance and personal, social and psychological development. This is shown to have occurred during the Board's previous consolidation plan in 1991, when several of the South Macon high school students did not complete their high school education because they "got lost in the shuffle."[7]

26. In addition, some parents within the South Macon community are considering removing their children from the school system if the Board's plan is approved.[8] To approve the Board's plan will cause a continued erosion of the community. The Plaintiff-Intervenor Keep South Macon Alive Community Action Group is very concerned about that possibility because for parents to remove their children from the Macon County School system directly affects the stability and sustainability of the community. Some parents in the South Macon area have already removed their children from South Macon School, primarily because they have been expecting

---

[7] *See attached* Affidavit of Norma M. Jackson, former faculty member at South Macon School, shown as Exhibit A.
[8] *See* Affidavit of Priscilla Moss, shown as Exhibit 1 to the Motion to Intervene. *See also* Affidavit of Gennie Tyson, shown as Exhibit I, in which she admits that she is considering removing her children.

more from the Board than what the Board has done for the children of South Macon. Removal of students from the South Macon area has also occurred because the Board has not enforced its zoning rules that require students who reside within a given zone to attend the school in their particular area. If the Board were to enforce its zoning rules, then many of the students who are presently enrolled in other school districts would return to South Macon to increase its enrollment. To approve the Board's plan will cause further destruction of the South Macon community. To keep the neighborhood school and improve on it will help the community stay in tact. The proposed plan will deprive the Plaintiff-Intervenors of their right and interest in maintaining a healthy educational, economic, social and cultural climate and growth in the South Macon community.

27. The Board members have neglected to obtain the approval and support of the Alabama State Board of Education in its quest to close South Macon. Although the State Board's approval is not required to get ultimate approval of a local Board's proposed plan, the local Board has requested input from the State Board in the past. In 1991, that input was contrary to what the Board desired because the State Board did not recommendation or support the consolidation of Notasulga High School. The Plaintiff-Intervenors contend that the State Board will support their desire to maintain their neighborhood school as it did in the survey results in 1991. To approve the Board's plan to close South Macon without a response from the State Board of Education would not be in the best interest of the students, parents, residents and community supporters of South Macon

28. The Board also neglected to seek this Court's approval in a timely manner, thus the rush to get an expedited approval at the last minute. The interests of the Plaintiffs-Intervenors are more than last minute concerns. Many parents and supporters in the area have been working for

years to get the Board to address the issues and concerns of South Macon School.[9] The response from the Board and Superintendent has been little to none. To approve the Board's plan to close South Macon would necessitate the Court overlooking the fact that during two previous restructuring plans of the Macon County School District, the Board neither requested approval nor did it receive it from this Honorable Court. The Board, after getting the approval of the Court and upon the recommendation of the State Board, reduced South Macon to a K-8 school. Without the Court's permission, the Board went back into South Macon and moved both the seventh and eighth grades, in 2003 and 1995, respectively. The Plaintiffs-Intervenors contend that the Board's actions to move the seventh and eighth grades from South Macon School were unlawful, arbitrary and capricious, with the ulterior motive to eventually close the school altogether, as it is presently proposing to do. To approve the Board's plan to close South Macon would mean that it is acceptable to violate the right of due process of the law of the residents of South Macon.

29. Each year the federal, state and local funds are allocated to the Macon County Board of Education. Said funds as shown in the Annual Report 2003 of the Alabama Department of Education, shows Macon County received $16,272,216.83 from state sources; $1,659,515.66 from local sources; and, $5,591,808.00 from federal sources. Said same report shows Macon County's per pupil expenditures were $4,123.83 from state funds; $420.57 from local funds; and, $1,417.12 from federal funds, for a total of all funds per pupil expenditures of $5,961.51.[10] The Plaintiffs-Intervenors contend that South Macon students have not received their fair share of these funds to the extent that the law allows. That again, their right to due process under the law

---

[9] *See attached* Copy of letter from the undersigned attorney on behalf the South Macon Community Action Group, dated April 24, 2003, shown here as Exhibit N.
[10] *See* Exhibit M, pp. 20-21, of this Complaint.

has been violated. In their request for information from the Board, the Plaintiffs-Intervenors have not received any responses, to date, particularly the request regarding the expenditures made at South Macon.[11] To approve the Board's plan to close South Macon would obstruct and impede the goal of holding the Board accountable for the expenditures of the funds allocated to the school system of Macon County for the pupils at South Macon.

30. The Board has alleged that the sewage treatment plant at South Macon presents environmental, maintenance and safety problems, is no longer cost-effective for the Board to operate and exposes the School District to possible fines for environmental violations, as additional ground for closing South Macon School. The Plaintiffs-Intervenors argue that the Board has never produced any evidence of the alleged problems indicating that they present any of the health and safety issues and concerns that the Board claims. Again, supporters of South Macon School have requested information regarding the sewage system and no response has been given. There was a request made by the South Macon Community Action Group in 2003, to have an independent assessment and/or evaluation of the system conducted to be reviewed by the Board and community supporters with a goal of raising the funds to correct the alleged problems. Said request was flatly denied by the Superintendent through the Board's attorney.[12] The Plaintiffs-Intervenors argue that the sewage treatment facility is completely fixable (at a reasonable cost), however, because the ulterior plan is the close South Macon School, the sewage treatment plant is being used as one of the grounds without any substantiation of the allegations. Again, approval of the Board's plan to close South Macon will be in violation of the right of due process of law because the Board is acting without allowing the South Macon parents, students and community supporters access to information regarding the school's sewage treatment facility.

---

[11] *See* **Exhibit L of this Complaint.**
[12] *See attached* **Exhibit O of this Complaint.**

31. The Plaintiffs-Intervenors further contend that the Board has not developed a transportation plan that is sound and effective. There are areas in the South Macon community that are as far as 27.9 miles away from Tuskegee. A normal drive into Tuskegee from the Boromville, for example, which is located on the Macon and Russell County lines, takes the average driver, at 55 miles per hour, approximately 35 minutes. If there are stops along the way, the trip will take even longer. Approval of the Board's plan to close South Macon would require the bus transportation of the students of South Macon School to Tuskegee. This required bus ride would create significant safety risks for the students of South Macon School. This require bus ride, to and from Tuskegee, would decrease the students' available sleep and study time and create a significant adverse impact upon the quality of education to be obtained by the students of South Macon School. Approval of the Board's plan to close South Macon School would create a devastating adverse economic and social impact upon the South Macon communities and residents of Armstrong, Boromville, Cotton Valley, Creek Stand, Davisville, Fort Davis, Fort Hull, Hannon, Roba (Crossroads) and Warrior Stand.

32. Approval of the Board's plan to close South Macon means the kindergarten students from South Macon will have to attend school in portable classrooms. This would be devastating to the young children of South Macon and would have an adverse impact on them, their families and communities, considering the fact that portable classrooms have never been used at South Macon School; this would be totally alarming and unacceptable. Portable classrooms are unsafe learning environments, they do not have restroom facilities, state government has outlawed them and the children will be exposed to the elements of nature when going from the main building to the portable classrooms. South Macon School kindergarten students and all students are presently housed in a solid school structure, with a some repairs needed. Approval of the Board's

plan to close South Macon School would mean forcing the students to attend school in substandard classrooms would have an adverse impact upon their learning abilities and upon the community spirit.

33. The Plaintiff-Intervenors propose an alternative plan to the Board's proposed plan to close South Macon in which the Board and Superintendent could still realize their goals as well as the students and residents of South Macon. The Plaintiffs-Intervenors propose that this Court approve the adoption of a plan of consolidation complying with the Alternative 1 submitted in 1991 by the State Board in its Report of a Partial Survey of Macon County School System. Said Alternative 1 is attached hereto and incorporated by reference as Exhibit P. Approval of the Plaintiffs-Intervenors' alternative plan for South Macon will reconstitute the school to a K-8 grade school. Approval of the Plaintiffs-Intervenors' alternative plan for South Macon will allow full usage of the facilities at South Macon. Approval of the Plaintiffs-Intervenors' alternative plan will serve to protect the Plaintiffs-Intervenors' interest in preserving and maintaining their neighborhood school. Approval of the Plaintiffs-Intervenors' alternative plan for South Macon and the other schools will organize the schools in such a manner as to operate K-8 at South Macon School and D.C. Wolfe School; maintain sixth through eighth grades of Tuskegee students at Tuskegee Institute Middle School; maintain fourth and fifth grades of Tuskegee students at Tuskegee Public School; close Washington Public School; and, consolidate the kindergarten through third grades students from Washington Public and Tuskegee Public School at the new George Washington Carver Elementary School. Approval of the Plaintiffs-Intervenors' alternative plan for will result in the best utilization of financial resources and maximize educational benefits in the entire school system. *See attached* **Plaintiffs-Intervenors' Alternative Plan shown as Exhibit Q herein incorporated by reference.**

## COUNT I - INJUNCTIVE RELIEF

34. The Plaintiffs-Intervenors herein reallege and incorporate by reference all of the allegations of paragraphs 1 through 33.

35. In consideration of the aforementioned facts and circumstances, the Plaintiffs-Intervenors herein will suffer deprivation under color of state law of rights, privileges, and immunities secured by the Constitution and laws of the United States and irreparable injury if the Board's proposed plan of consolidation and to close South Macon is approved. The Plaintiffs-Intervenors herein therefore have no adequate remedy at law, and this request for injunctive relief is their only means for securing relief.

WHEREFORE, the Plaintiffs-Intervenors pray that this Court:

a. Issue a permanent injunction perpetually enjoining and restraining the Defendant Macon County Board of Education, its superintendent, members, officers, agents, employees or successors, and all those in active concert or participation with it, from executing any further actions, including planning, fundraising, financing, building construction, or any other actions with a view toward consolidating South Macon School with any other existing, planned or proposed elementary schools in Macon County, Alabama;

b. Award to the Plaintiffs-Intervenors their costs and disbursements herein, as well as reasonable attorney's fees;

c. Grant such other and further relief as this Court may deem proper.

## COUNT II - DECLARATORY RELIEF

36. The Plaintiffs-Intervenors herein allege and incorporate by reference all of the allegations of paragraphs 1 through 35.

37. There is now existing between the Parties hereto an actual, justifiable controversy in

respect to which the Plaintiffs-Intervenors are entitled to have a declaration of their rights and further relief, because of the facts, conditions and circumstances hereinbefore set out.

WHEREFORE, the Plaintiffs-Intervenors herein pray that this Court:

a. Enter a declaratory judgment that the plan of consolidation proposed by the Defendant Macon County Board of Education is unconstitutional and unlawful;

b. Enter a declaratory judgment that the Plaintiffs-Intervenors' alternative plan of consolidation complies with the United States Constitution and federal statutory law;

c. Award to the Plaintiffs-Intervenors their costs and disbursement herein, as well as reasonable attorney's fees; and,

d. Grant such other and further relief as it may deem proper.

*/s/ Lateefah Muhammad*
Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY
FOR PLAINTIFFS-INTERVENORS JONELL MOSS, ET AL.

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997
lateefah@earthlink.net
lateefahmuhammad@aol.com