IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Intervenor | ) |
| And Amicus Curiae, | ) |
| | ) |
| NATIONAL EDUCATION | ) |
| ASSOCIATION, INC., | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | )CIVIL ACTION NO.: 3:70-cv-846-T |
| | ) |
| MACON COUNTY BOARD OF | ) |
| EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |

**LEE PLAINTIFFS' AND PLAINTIFF INTERVENOR NATIONAL EDUCATION ASSOCIATION'S RESPONSE TO SHOW CAUSE ORDER AS TO WHY DEFENDANT MACON COUNTY BOARD OF EDUCATION'S PETITION FOR EXPEDITED APPROVAL TO CLOSE SCHOOLS SHOULD NOT BE GRANTED**

COME NOW the Lee Plaintiffs and Plaintiff-Intervenor National Education Association, Inc. (NEA), referred to collectively as plaintiffs herein, by and through the undersigned counsel, as directed by this Honorable Court in its June 27, 2005 Order (Doc. No. 76) to show cause, if any there be, as to why the Defendant Macon County Board of Education's Petition to Close Schools (Doc. No. 74) should not be granted. Plaintiffs state that the petition should not granted at this time.

**Background**

On January 28, 1963, the instant action was filed. Subsequently, similar school desegregation cases were filed throughout Alabama against local boards of education, the State of Alabama, and the State of Alabama Board of Education. Upon motion, United States of America intervened and filed a supplemental complaint and motion for preliminary injunction on or about August or September, 1966, and has been actively involved in these school desegregation cases in Alabama from that time to date.

Upon extensive discovery, hearings, injunctions enjoining Governor George C. Wallace and state officials from interfering with the desegregation of the Macon County School System and consent agreements, this court entered various Orders concerning desegregation of the school system of the Macon County Board of Education (MCBOE) leading up to October 23, 1969, at which time the Court ordered, among other systems, that MCBOE, its individual board members and superintendent thereof, file on or before January 15, 1970, a plan whereby, effective with the commencement of the 1970-71 school year, the dual school system based upon race, as operated by the school system, be completely disestablished. Upon amendment by the MCBOE, objections filed by the United States, and hearing on the objections, the court supplemented the amended plan and ordered a plan of desegregation of the Macon County Schools on March 19, 1970.

With the exception of a trial conducted in 1991 on MCBOE's petition to close grades nine through twelve at Notasulga High School, there has been scant activity in this case. In fact, the MCBOE has filed no reports with the undersigned counsel for the plaintiffs with respect to its progress toward achieving unitary status in any *Singleton* or *Green* areas. See *Singleton v. Jackson Municipal Separate school District,* 348 F.2d 729

(5th Cir. 1965); *Singleton v. Jackson Municipal Separate School District*, 355 F.2d 865 (5th Cir. 1966). *Green v. Count School Board of new Kent County, Virginia,* 391 U.S. 430 (1968).

### Basis for Opposition to Expedited Approval Without Hearing

1. Plaintiffs herein cannot adequately respond to the allegations in the petition as defendant Macon County Board of Education has provided to the parties no documents or data, whether recently or over the past years, that pertain to the matters set forth in the petition or that pertain in any fashion to the instant school desegregation case.

2. It appears that the Board's June 17, 2005 petition for approval to close to schools and open a new elementary school was filed at a point in time significantly subsequent to the system's decision to close the schools and open a new school, as the new proposed school is, upon information and belief, approximately 75% complete.

3. Each allegation of the MCBOE's petition should be supported by documents and/or data submitted under the signature of the Board superintendent attesting that the information furnished is full, complete and accurate, to the best of his knowledge upon inquiry and to the best of his information and belief. Moreover, the assertions and submissions should be analyzed by the parties plaintiff and tested by examination of counsel at an evidentiary hearing.

4. Prior to hearing, the parties should have an opportunity to engage in informal discovery on the matters set forth in the petition heretofore filed in this action.

**WHEREFORE, PREMISES CONSIDERED,** Private plaintiffs and NEA oppose the requested expedited approval to close two schools and for the opening of a new elementary school and request that the court allow and schedule a period of informal

discovery followed by hearing on the merits, should the parties not agree on a resolution of the issues.

    DONE THIS 15th day of July, 2005.

                                       /s/ Fred D. Gray, Jr.
                                       Fred D. Gray, Jr. (GRA044)
                                       Attorney for Plaintiffs

**OF COUNSEL:**

GRAY, LANGFORD, SAPP, MCGOWAN, GRAY
   & NATHANSON
P.O. Box 830239
Tuskegee, Alabama 36083
(334) 727-4830 Phone
(334) 727-5877 Fax

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the forgoing response to show cause order has been served upon the following counsel of record, by placing the same in the U.S. mail, postage prepaid, this 15th day of July, 2005.

| | |
|---|---|
| Deborah Hill Biggers, Esq.<br>113 E. Northside Street<br>Tuskegee, Alabama 36083 | Norman J. Chachkin, Esq.<br>NAACP Legal Defense Fund<br>  and Educational Fund, Inc.<br>99 Hudson Street, Suite 1600<br>New York, NY 10013 |
| U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | Lateefah Muhammad, Esq.<br>P.O. Box 1096<br>Tuskegee, Alabama 36087 |

                                       /s/ Fred D. Gray, Jr.
                                       **OF COUNSEL**