IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. LEE, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Intervenor | ) | |
|     and Amicus Curiae, | ) | |
| | ) | |
| NATIONAL EDUCATION ASSOCIATION, INC., | ) | CIVIL ACTION NO. |
|     Plaintiff-Intervenor, | ) | 3:70cv846-T |
| | ) | (WO) |
| v. | ) | |
| | ) | |
| MACON COUNTY BOARD OF EDUCATION, et al., | ) | |
|     Defendants. | ) | |

**RESPONSE OF THE UNITED STATES TO MOTION TO INTERVENE**

The United States has reviewed the motion to intervene filed by what appear to be members of the South Macon community ("applicants"). This is the area of the school district in which the South Macon School is located. This facility is one of two elementary schools slated to be closed if the petition of the Macon County Board of Education ("Board") is approved. For the reasons stated below, the United States opposes the complaint in intervention.

Applicants cite numerous constitutional and statutory references as supporting authority for bringing its motion. They present no arguments setting forth any cognizable interest in a desegregated school system that is not presently adequately represented, nor have they submitted any evidence that the proposed school closures are racially motivated or that it would inhibit or decrease desegregation in the Macon County School District.

There is longstanding case law on intervention in school desegregation cases. iIndividuals seeking to intervene in a school desegregation case must demonstrate an interest in a desegregated school system. *United States v. Perry County Board of Education*, 567 F.2d 277, 279 (5th Cir.

1978).[1]  Applicants who oppose only facets of a desegregation plan have been held to not have a right of intervention.  *Pate v. Date County School Board*, 588 F.2d 501, 503 (5th Cir. 1979).  A petition for intervention must frame the precise issues the applicant seeks to represent and the ways in which the goal of a unitary school system have allegedly been frustrated by the current parties in the action.  *Hines v. Rapides Parish School Board*, 479 F.2d 762 (5th Cir. 1973).  A determination that the existing parties were cognizant of the issues set out in an application for intervention and were competent to represent the alleged interests of the applicant group is an adequate basis for denying intervention.  Id. at 765.  That the current parties ultimately took different positions than those advocated by the applicants does not entitle applicants to a right of intervention.  *Perry County* at 280; *Jones v. Caddo Parish School Board*, 487 F.2d 1275 (5th Cir. 1973).

The denial of a motion to intervene has been upheld, even without an evidentiary hearing and findings of fact, "when it is 'more than clear that [the proposed intervenors] are not entitled to intervene.'"*Bradley v. Pinellas County School Board*, 961 F.2d 1554, 1556 (11th Cir. 1992), *citing Perry County* at 280.

The Board's has presented sound educational and financial reasons for its actions which are opposed by the applicants.   The Board's proposal does not appear to have any impact on desegregation.  It is always difficult to close a school in a community, and the United States

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the circuit splitting on September 30, 1981.

recognizes how difficult this is for a community. Nonetheless, applicants have not presented a sound basis to support their arguments. Accordingly, the United States recommends that this court deny the intervention.

Respectfully submitted this 1st day of August, 2005.

| | |
|---|---|
| LAURA GARRETT CANARY<br>United States Attorney | BRADLEY J. SCHLOZMAN<br>Acting Assistant Attorney General<br>Civil Rights Division |
| | _/s/Pauline A. Miller_<br>JEREMIAH GLASSMAN<br>PAULINE A. MILLER<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Ave., N.W. PHB 4300<br>Washington, DC  20530<br>Tel: 202-514-2179<br>FAX: 202-514-8337 |

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 1st day of August, 2005, I electronically served the foregoing *Response of the United States to Macon County Board of Education's Petition for Expedited Approval* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Deborah Hill Biggers (counsel for Macon County Board of Education); Fred D. Gray Jr., (counsel for Lee plaintiffs and NEA plaintiff-intervenor); Norman J. Chachkin (counsel for Lee plaintiffs); Reginald Sorrells (counsel for the Alabama State Department of Education); Lateefah Muhammad (counsel for applicant plaintiff-intervenors).


          /s/Pauline A. Miller
          Pauline A. Miller