IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff-Intervenor | ) |
|    And Amicus Curiae, | ) |
| | ) |
| NATIONAL EDUCATION | ) |
| ASSOCIATION, INC., | ) |
| | ) |
|    Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:70-cv-846-T |
| | ) |
| MACON COUNTY BOARD OF | ) |
| EDUCATION, et al., | ) |
| | ) |
|    Defendants. | ) |

**LEE PLAINTIFFS' AND PLAINTIFF INTERVENOR NATIONAL EDUCATION ASSOCIATION'S RESPONSE TO MOTION TO INTERVENE**

COME NOW the Lee Plaintiffs and Plaintiff-Intervenor National Education Association, Inc. (NEA), referred to collectively as plaintiffs herein, by and through the undersigned counsel, in accordance with this Honorable Court's Order of July 21, 2005 (Doc. No. 82) ordering that the Jonell Moss, et al., motion to intervene is set for submission, without oral argument, on August 1, 2005, with all briefs due by said date. Plaintiffs herein take no position as to whether the motion should be granted.

**Background**

On January 28, 1963, plaintiffs, a class of African American students and their parents filed the instant action against the Macon County Board of Education, its

members, the Macon County Board of Education Superintendent, the Alabama State Board of Education, its members, its President, Secretary and Executive Officer, the State Superintendent of Education, and the Governor of Alabama seeking relief from race discrimination in the operation of a de jure segregated school system for Macon County, Alabama. NEA was added as a plaintiff-intervenor. The United States was also added as a plaintiff-intervenor and amicus curiae. Lee v. Macon County Bd. Of Educ., 267 F. Supp. 458, 460 (M.D. Ala. 1967) aff'd sub nom., Wallace v. United States, 389 U.S. 215, 88 S. Ct 415 (1967).

Upon extensive discovery, hearings, injunctions enjoining Governor George C. Wallace and state officials from interfering with the desegregation of the Macon County School System and consent agreements, this court entered various Orders concerning desegregation of the school system of the Macon County Board of Education (MCBOE) leading up to October 23, 1969, at which time the Court ordered, among other systems, that MCBOE, its individual board members and superintendent thereof, file on or before January 15, 1970, a plan whereby, effective with the commencement of the 1970-71 school year, the dual school system based upon race, as operated by the school system, be completely disestablished. Upon amendment by the MCBOE, objections filed by the United States, and hearing on the objections, the court supplemented the amended plan and ordered a plan of desegregation of the Macon County Schools on March 19, 1970.

With the exception of a trial conducted in 1991 on MCBOE's petition to close grades nine through twelve at Notasulga High School, there has been scant activity in this case. While the MCBOE has petitioned the court to make changes in boundaries of school district lines (July 15, 1971) and it has, although not in recent history, petitioned

the court to alter plans previously on file (June 6, 1973; September 18, 1974), in fact, the MCBOE has filed no reports with the undersigned counsel for the plaintiffs with respect to its progress toward achieving unitary status in any *Singleton* or *Green* areas. See *Singleton v. Jackson Municipal Separate school District,* 348 F.2d 729 (5th Cir. 1965); *Singleton v. Jackson Municipal Separate School District*, 355 F.2d 865 (5th Cir. 1966). *Green v. Count School Board of new Kent County, Virginia,* 391 U.S. 430 (1968).

The motion to intervene is brought by African American students who reside in the South Macon school zone, by and through their parents; African American parents of students who reside in the South Macon School zone, Ludie Hall, who, upon information and belief, is an employee of the Macon County Board of Education and President of the Keep South Macon Alive Community Action Group (Keep South Macon Alive), a non-profit organization comprised of parents, students, graduates and community supporters of South Macon School whose purpose, upon information and belief, is to promote quality public education at a school that is near their neighborhoods in the South Macon area and preserving and promoting South Macon School, keeping the public school in the vicinity open; and the Keep South Macon Alive Community Action Group (proposed intervenors). Upon information and belief, all of the proposed intervenors are African American.

## PLAINTIFFS' RESPONSE

**The Lee plaintiffs and plaintiff-intervenor NEA take no position with respect to the motion.**

1.  As counsel for the class of plaintiffs, the undersigned counsel has reviewed the motion to intervene and all exhibits accompanying the same. The motion to intervene does not suggest that there is a sufficient connection between the school closing and desegregation to warrant class counsel advancing the issues. The motion makes no allegation that the proposed closing of South Macon School and the proposed opening of the new George Washington Carver Elementary School impedes or otherwise adversely affects desegregation of the school system.

2.  The proposed intervenors claim entitlement to intervene of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure as follows:

   A. Proposed intervenors Jonell Moss, a minor, by her mother and next friend, Priscilla G. Moss; Teanna Miles, a minor, by her mother and next friend, Gloria Miles; Artasia S. Jackson, a minor, by her mother and next friend Altrice Austin; Marquavius Smith, a minor by his mother and next friend, Dorothy Smith; Calvin Cobb, Jr., a minor, by his mother and next friend, Gwendolyn S. Cobb allege they have a special interest in attending a school that is near their neighborhood in Macon County, Alabama; and they claim a special interest in obtaining a quality education in their neighborhood school;

   B. Proposed intervenors Priscilla G. Moss, Gloria Miles, Altrice Austin, Dorothy Smith, Gwendolyn S. Cobb claim entitlement to intervene of right in that they have a special interest in having their children attend a school that is

4

    near their neighborhood in Macon County, Alabama and they have a special interest in obtaining a quality education for their children in their neighborhood school;

C. Proposed intervenor Ludie Hall, as president and on behalf of Keep South Macon Alive, claims entitlement to intervene as right in that he has a special interest in the children of South Macon County, Alabama being able to attend a school that is near to their neighborhoods in the South Macon area, in providing a quality education for the children of South Macon County, and in preserving and maintaining their South Macon School. Proposed intervenor Ludie Hall, in the individual capacity, claims a special property interest in his employment as a security officer at the District's Alternative School at South Macon School.

D. Proposed intervenor Keep South Macon Alive claims entitlement to intervene of right in that they have a special interest in having the children of the communities attend a school that is near their neighborhood in Macon County; and a special interest in providing a quality education for the children of South Macon, and in preserving and maintaining their South Macon School;

While the claims and averments are laudable, as the court is aware, class counsel's obligation is to the entire African American class in Macon County, rather than one particular group. Recognizing that this Circuit has emphasized the important role of parents in these cases (See <u>Lee v. Macon County Board of Education</u>, 970 F. 2d 767 (11th Cir. 1992), case wherein students, parents and others intervened and opposed the MCBOE's petition to close Notasulga High School, the 11th Circuit Court of Appeals

5

affirmed this court's decision denying the MCBOE'S petition to close grades nine through 12 at Notasulga High School); and in light of the fact that the claims of the proposed intervenors are not based on race desegregation or any factors traditionally covered in Lee v. Macon, plaintiffs take no position on the proposed intervention, as said intervention will allow the proposed intervenors to present their federal and state law complaints, claims, allegations and grievances and seek whatever relief deemed appropriate.

      3.     Paragraph 5 of the Motion to Intervene alleges:

> The Movants' interests are not and cannot be adequately represented by the existing parties in that the existing Plaintiffs are no longer students in the Macon County School system, and Movants have a unique interest as citizens or residents of South Macon in maintaining the continued existence, operation and integrity of their neighborhood school. To disallow the Movants' intervention in this cause will impair their ability to protect their interest in this matter in that the Defendant Macon County Board of Education has taken steps to close South Macon School, consolidate it with three other locations in the count and destroy the only school serving children in the South Macon area;

Plaintiff states that the class is comprised of all African American students, parents of students, faculty, staff and administrators in the Macon County school district, so to the extent that any individuals so described have any race based desegregation claims against the defendants, then these claims may be advanced by class counsel in the within action. However, proposed intervenors are correct that their unique interests as citizens or residents from a particular area may not be adequately represented by the existing parties and claims.

      4.     Plaintiffs are without sufficient information and knowledge to admit or deny the allegations of paragraph 6 of the motion and take no position with respect to its

6

allegations. The factual matters should be established and tested by testimonial and documentary evidence, should the court deem appropriate.

5. Plaintffs take no position with respect to the averment in paragraph 7 of the Motion to Intervene that states: "The Movants propose the adoption of an alternative plan to the proposed consolidation plan that would best serve the children of south Macon County. With respect to the remaining allegation of paragraph 7, "This Court has jurisdiction over the Movants' claims in that they constitute a federal question and in that this Court has expressly reserved jurisdiction of this case;" Plaintiffs do not deny said allegation.

6. Plaintiffs herein take no position on the proposed intervenors' alternative request to intervene pursuant to Federal Rule of Civil Procedure 24(b)(2).

DATED THIS 1st day of August, 2005.

/s/ Fred D. Gray, Jr.
Fred D. Gray, Jr. (GRA044)
Attorney for Plaintiffs

**OF COUNSEL:**

GRAY, LANGFORD, SAPP, MCGOWAN, GRAY
 & NATHANSON
P.O. Box 830239
Tuskegee, Alabama 36083
(334) 727-4830 Phone
(334) 727-5877 Fax

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing response to motion to intervene has been served upon the following counsel of record, by placing the same in the U.S. mail, postage prepaid, this 1st day of August, 2005.

| | |
|---|---|
| Deborah Hill Biggers, Esq.<br>113 E. Northside Street<br>Tuskegee, Alabama 36083 | Norman J. Chachkin, Esq.<br>NAACP Legal Defense Fund<br>   and Educational Fund, Inc.<br>99 Hudson Street, Suite 1600<br>New York, NY 10013 |
| Pauline Miller, Esq.<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | Lateefah Muhammad, Esq.<br>P.O. Box 1096<br>Tuskegee, Alabama 36087 |

/s/ Fred D. Gray, Jr.
**OF COUNSEL**