IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al.,<br>    Plaintiffs, | )<br>)<br>) |
| UNITED STATES OF AMERICA,<br>    Plaintiff-Intervenor and<br>    Amicus Curiae, | )<br>)<br>)<br>) |
| NATIONAL EDUCATION<br>ASSOCIATION, INC.,<br>    Plaintiff-Intervenor, | )<br>)<br>)<br>) |
| v. | )   CIVIL ACTION NO.: 3:70cv846-T |
| MACON COUNTY BOARD OF<br>EDUCATION, et al.,<br>    Defendants. | )<br>)<br>)<br>) |

**MOVANTS' BRIEF IN SUPPORT OF MOTION TO INTERVENE
IN RESPONSE TO DEFENDANT MACON COUNTY BOARD OF EDUCATION'S
PETITION FOR EXPEDITED APPROVAL TO CLOSE TWO SCHOOLS AND
FOR THE OPENING OF A NEW ELEMENTARY SCHOOL**

The Movants, by and through their attorney of record, respectfully file this Movants' Brief in Support of their Motion to Intervene in Response to Petition for Expedited Approval to Close Two Schools and for the Opening of a New Elementary School. The Movants offer the following for the Court's consideration:

**I. STATEMENT OF FACTS**

The Defendant Macon County Board of Education, through its attorney of record, (also referred to as "the Board") has filed a petition seeking to have this Court approve the closing of South Macon School ("South Macon") and Washington Public School ("Washington Public"), and to approve the opening of a new elementary school, the recently-named George Washington Carver Elementary School ("Carver"). The effect of this Court's approval to open the new elementary

school and to close South Macon School and Washington Public School will allow the Board to consolidate the first through third grades of these two schools into one school. It will also allow the Board to move South Macon's sixth graders into Tuskegee Institute Middle School.

Prior to filing its petition, the Board had already voted to close the two schools. The Board took action during the spring of 2003 to close Washington Public School officially. There had been an unofficial decision to the close the school more than 15 years ago. Although there also had been an unofficial decision to build a new elementary school more than 15 years ago, in 2003 the Board took official action to decide to build the new elementary school, and they commenced to do begin the work during that same year. In each instance of the action taken by the Board, South Macon School was never included in the restructuring plans of the new school.

Even as late as the Board's May 19, 2005 meeting, during which it voted to close South Macon, there was no publicly-known or system-wide plan in place to include South Macon in the new elementary school. During its May 19 Board meeting, the president of the Board, Katy S. Campbell, in response to one of the questions of a parent, stated that South Macon was not included in the new elementary school. However, during that same meeting, she, along with vice president Harold White and member Alfonso Robinson, voted to close South Macon for that purpose, while Board members Alfred Randolph and Ora Manning voted against the closing.

Prior to the Board's May 19 meeting, the superintendent, Willie C. Thomas, Jr., informed the parents, students and public at the Board's February 2005 regular meeting that only the first through third grades at Tuskegee Public School ("Tuskegee Public") and Washington Public were included in the consolidation plan for the new elementary school, Carver. The Board and superintendent led the South Macon parents, students and community to believe that South Macon would not be closed this year.

Since the Defendants took the action to close South Macon, the parents, students, former students, and supporters have made appeals to the Board to keep South Macon open for the benefit of the students in the south Macon County communities. Many of the issues and concerns of the community are raised in the Movants' Complaint which is attached to their Motion to Intervene as Exhibit AA.

On June 17, 2005, the Defendants filed its petition before this Court. In the petition, the Defendants propose, among other things, to close South Macon School, and to consolidate it with Washington Public (grades one through three), Tuskegee Public (grades four and five) and Tuskegee Institute Middle School (grade 6). They included nine enumerated grounds upon which the Court is asked to consider.

Subsequent to the Defendants filing, and after inadvertently discovering the petition and Court's Order to show cause, the Movants filed their Motion to Intervene on July 12, 2005. In their motion, the Movants claim, among other things, as students and parents, 1) that they have vested interests in the outcome of any and all decisions made by the Macon County Board of Education and by this Honorable Court regarding the proposal to close South Macon School, 2) that they have an interest relating to the South Macon School property which is the subject of the action and, 3) that they are so situated that the disposition of this action may, as a practical matter, impair or impede their ability to protect that interest as their interest is not adequately represented by the existing Plaintiffs to this matter in that the primary Plaintiffs are no longer parties to this particular action. In addition, they pointed to the fact that Defendants have taken steps to close South Macon School, consolidate it with three other locations in the county and destroy the only school serving children in the South Macon area, some of whom reside as far away from the proposed consolidation schools as 27.9 miles.

The Movants believe an alternative plan will better serve the students and community at South Macon. They are proposing one for the Defendants' consideration that will serve the needs of the students at South Macon and in the other schools involved. Such a plan could and should have been considered before. The Movants contend that had the Defendants allowed them and the South Macon community to be a part of the process, there would probably not be a dispute in federal court regarding this matter today. Particularly, the Movants would not have a concern about their constitutional right of due process being violated. An alternative plan to the one proposed by the Defendants will allow South Macon parents, students and community to maintain their neighborhood school while avoiding all of the problems closing it will bring.

## II. STANDARDS OF LAW

**Rule 24(a)(2) and Rule 24(b)(2)** *Federal Rules of Civil Procedure*

**Rule 24(a)(2)** of the *Rules* states that "upon timely application[,] anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicants ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." **Rule 24(b)(2)** of the *Rules* states that "upon timely application[,] anyone may be permitted to intervene in an action ... when an applicant's claim ... and the main action have a question of law or fact in common."

## III. ARGUMENT

The Movants contend that Rule 24(a)(2) should apply in this action before the Court. They contend that they have effectively satisfied all three elements that courts have required Movants to

establish. The Movants have established (1) an interest in the subject matter of the pending litigation; (2) a substantial risk that the litigation will impair their interest; and (3) existing parties do not adequately protect that interest. ***See, e.g., Americans United for Separation of Church and State v. City of Grand Rapids,* 922 F.2d 303, 305 (6th Cir.1990).** Movants Priscilla G. Moss, Gloria Miles, Altrice Austin, Dorothy Smith and Gwendolyn S. Cobb are parents of minor children who attend South Macon School. They have identified their special interest is to have their children attend a school that is near to their neighborhood in Macon County, Alabama, where they live. They have also identified their special interest is to have their children obtain a quality education in their neighborhood. The Defendants have proposed to close the only school in the area where the Movants' children can attend wherein their special interest can be realized and without experiencing hardship. If the Movants are not allowed to intervene, then they will incur a substantial risk of their interest being impaired. In addition, because the Movants have established that their special interests are different from the existing parties, they cannot expect that the existing parties will protect their interest for them. They must rely upon the discretion of this Court to recognize the legitimacy of their claim and allow them to intervene in this action.

The Movants contend that the Defendants have violated their right to due process under the Fourteenth Amendment to the United States Constitution by denying them the right to be notified of the Defendants' plan prior to a decision being made, and by denying them the right to be heard to given input into and in defense of maintaining their neighborhood school.

In committing such violation, the Movants contend that the Defendants have violated their duties under the laws of the State of Alabama. **Title 16** of the *Alabama Code, 1975* vests the responsibility in the local county boards of education to administer and maintain public education for the children of the state. The Defendants have failed when they decided to close South Macon

School without parental and community input, and now to re-open Washington Public, a school that is known to be unfit, without, again parental and community input, and without reconsidering re-opening South Macon, a school that is fit. "Before determining the question of what process is due, it must be determined that some constitutionally protected interest in life, liberty, and property exists. Protected interests in property 'are created and their dimensions are defined' by state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In Alabama, the state constitution provides all children with an entitlement to a public education. *Ala.Const.* **art. XIV, § 256**. In addition to [this] specific [provision], Alabama law has extensive statutory and constitutional provisions regarding the creation, maintenance, and administration of a public school system. *See generally* **Title 16 of the** *Alabama Code* and *Ala.Const.* **art. XIV**. Having chosen to extend the right to a public education to people of the [Plaintiffs'] class generally, the state may not impair that right without granting some 'fundamentally fair procedures' to determine whether constitutionally protected interests are being infringed. *Goss v. Lopez,* 419 U.S. 565, 574, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (emphasis omitted)." *Smith v. Dallas County Board of Education,* 480 F. Supp. 1324, 1337 (1979).

Further, the Movants argue that the benefits that the Defendants claim their children and the children of South Macon will receive under the Defendants' plan are nothing but empty rhetoric. The Defendants have presented nothing to substantiate their plan to benefit the children of South Macon. The Movants, on the other hand, have presented evidence that shows the first through third grades students at South Macon are already learning at a level of high achievement. The test scores of the children at South Macon have been consistently high. Because of the students' level of learning, South Macon has consistently been academically clear. No other school in the county has the record for consistency that South Macon has. Therefore, to deny the Movants to challenge the

Defendants' plan will not result in a better education for the students at South Macon. To the contrary, the Movants contend that just the opposite will likely occur: the children of South Macon will not get a better education, particularly when one considers the conditions under which the children will be placed.

Since the filing of the Movants' Motion to Intervene, the Defendants announced on July 21, 2005, that the new school will _not_ be ready for 2005-2006 school year until some weeks into the year. Instead of re-opening South Macon School to house the children, even on a temporary basis, the Defendants have decided to re-open Washington Public School. The Movants contend that this decision of the Defendants constitutes a direct risk to the lives of the children of South Macon in that Washington Public School is known to be an unsafe facility that has portions that are considered as unusable and hazardous. That the facility is known to be incapable of housing 600 students at one time (the projected number of students). That the Defendants will supplement the facility by using portable classrooms for the South Macon students. That the area of the facility that the Defendants plan to place the children from South Macon has floors that have deteriorated to the point of creating hazardous conditions for the students, causing them to possibly fall and become injured. That that area of the facility has not had work done on it in years prior to their decision to house South Macon students in it. That to place any of their children in such a facility will be a danger to their lives and to their quality of education. That the facility does not have adequate parking, and traffic congestion is known to be a problem. And, that this disruption in the lives of the parents, students and community is unnecessary, inhibitive to learning, directly conflictive and should be disallowed. The Movants contend that to allow the Defendants to carry through with their plan to temporarily house South Macon students in Washington Pubic will serve to disrupt their lives and the lives of all of the children of South Macon, when their school, South Macon, is available, not a hazard to them and

will suffice to serve even the other students from Washington Public and Tuskegee Public since it (South Macon) has the capacity to house over 700 students. The Movants further contend that this is poor planning, shortsightedness and mismanagement of resources on the part of the Defendants. To deny the Movants to intervene in this matter will permit the Defendants to go forward with a plan that will be a serious detriment to the children and community of South Macon.

The Movants argue that the Defendants' plan will only serve to disrupt and displace the lives of the children and the community.

In addition, the Movants aver that there is a very serious issue regarding the busing of the young children from the South Macon area to Tuskegee. They contend that the Defendants have not given adequately considered all of the issues concerning the dangers to the lives of the children and the loss of the quality education in the Defendants' transportation plans for the children in the South Macon area. They further contend that the Defendants' transportation plans are ineffective and unsound. There are areas in the South Macon community that are as far as 27.9 miles away from Tuskegee. A normal drive into Tuskegee from the Boromville community, for example, which is located on the Macon and Russell County lines in the southeast part of Macon County, takes the average driver, at 55 miles per hour, approximately 35 minutes. Considering the fact that the bus stops along the way, the trip will take approximately one-and-a-half hour, almost three hours a day on a bus. This required bus ride, to and from Tuskegee, would decrease the students' available sleep and study time and create a significant adverse impact upon the quality of education to be obtained by the students of South Macon. The Movants contend that the Defendants have not recognized the importance of the school to the community and the community to the school. That the relationship is reciprocal, interdependent and mutually beneficial, and that decisions about closing a school cannot be made with reference only to the school or schooling issues. The Defendants' plan to close South

Macon School would create a devastating adverse economic and social impact upon the South Macon communities and residents of Armstrong, Boromville, Cotton Valley, Creek Stand, Davisville, Fort Davis, Fort Hull, Hannon, Roba (Crossroads) and Warrior Stand. Not only in terms of the long distance busing for the students but for parents and community people who will have to travel into Tuskegee for events and activities instead of the shorter distance to the Roba community which is near to their neighborhoods.

Further, the Movants contend that many studies have been conducted on the effect of long distance busing of young children, and that the Defendants never considered any such study before making its decision regarding South Macon.. One study was conducted by **Transport Canada,** which has an exhaustive collision and seatbelt survey (available on the world wide web). There is a specific portion that refers to school bus collisions. Data was collected over a ten-year period from 1988-1997. The facts show that very large numbers of children are injured in bus accidents each year. The study further shows that **most school bus occupant fatalities were between the ages of 8 and 12,** that **more than 70% of all school aged pedestrian fatalities in school bus collisions were between the ages of 4 and 7, and that slightly more than half (52%) were between the ages of 5 and 9.** *Id.* (emphasis added). In addition, to the dangers of bus accidents, the study also indicates that long distance busing has caused students to have a **lower grade point average, less participation, poorer retention, lowered Attendance, and the effects increase as time on the bus increases.** *Id.* (emphasis added). The study also points to two health issues: 1) the effect of a long distance bus ride after eating at school (many children complained they felt nauseous); and 2) the need to use the bathroom. Unlike commercial buses, school buses do not have toilets. *Id.* South Macon parents have heard stories of local bus drivers having to stop along the side of the road to allow young children to relieve themselves. Other factors to be considered are lack of supervision of

young children, no car seats for children weighing less than the legal weight for small children, no seat belts on buses, inclement weather and hazardous road conditions.

The Movants further contend that, in addition to the various aspects of bus safety and the impact of bus rides on the educational outcomes for young children, the Defendants' plan to close South Macon means the students from South Macon, including the little ones in Head Start and kindergarten, will have to attend school in portable classrooms at Washington Public, Tuskegee Public and Lewis Adams. The actions of the Defendants to place South Macon's Head Start and kindergarten classes in portable classrooms at Lewis Adams Early Childhood Learning Center in Tuskegee, the first through third grade students in portable classrooms at Washington Public School, and the fourth and fifth graders in portable classrooms at Tuskegee Public School will be devastating to the children of South Macon and will have an adverse impact on them, their families and communities, especially considering the fact that portable classrooms are not used at South Macon School. This would be totally alarming and unacceptable. Portable classrooms are unsafe learning environments, they do not have restroom facilities, state government has outlawed them and the children will be exposed to the elements of nature when going to and from the main building and the portable classrooms for bathroom use, breakfast and lunch, and other activities. South Macon School can house the kindergarten students and all students at Tuskegee Public and Washington Public a solid school structure, with a few repairs needed. The Plaintiffs contend that the costs to make the few repairs at South Macon are far less than the costs associated with Washington Public and Tuskegee Public. The Defendants' plan to close South Macon School will mean forcing the students to attend schools that have substandard classrooms and will have an adverse impact upon their learning abilities and upon the entire community spirit.

Still further, the Movants contend that the Defendants did not follow the guidance as set out

by the Alabama Association of School Boards. In a periodical that the AASB published in 2003, called **"Closing Schools Without Killing Communities,"**[1] a sample policy is recommended for school boards to follow in proposing to close schools. Despite the fact that it is well established that boards of education follow the sound advice of AASB, the Defendants did not adhere to this sample policy in the provisions provided, especially parental and community involvement.

To deny intervention by the Movants will cause a continued erosion of the community. Some parents are considering sending their children to other school districts.[2] The Movant Keep South Macon Alive Community Action Group is very concerned about that possibility because for parents to remove their children from the Macon County School system directly affects the stability and sustainability of the community. To keep the neighborhood school and improve on it will help the community stay in tact. The proposed plan of the Board will deprive the Movants of their right and interest in maintaining a healthy educational, economic, social and cultural climate and growth in the South Macon community.

In the alternative, and supplementally, the Movants contend that they have also met the requirements for permissive intervention under Rule 24(b)(2) of the Rules. *See, e.g., United States v. Napper,* **887 F.2d 1528 1532 (11th Cir.1989).**

### IV. CONCLUSION

The evidence shows that the Movants have an interest in the subject matter of the pending litigation. The Movants have shown a substantial risk that the litigation will impair their interest if this case is decided without them being parties to it. And, they have shown that the existing parties

---

[1] *See* **Exhibit 1** of this Brief.
[2] *See* **Exhibit 1** to the Motion to Intervene, and **Exhibit I** to the attached Complaint, shown as **Exhibit AA.**

do not and cannot adequately protect that interest.[3]

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays that this Honorable Court will grant their Motion to Intervene in this action.

Respectfully submitted,

*/s/ Lateefah Muhammad*

Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone/facsimile
lateefah@earthlink.net
lateefahmuhammad@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Movants' Brief in Support of Motion to Intervene in Response to Petition for Expedited Approval to Close Two Schools and for the Opening of a New Elementary School has been served upon the following counsel of record by United States Mail, postage prepaid, to the proper address on the ___1st___ day of ___August___, 2005.

Deborah Hill Biggers, Esquire
for Macon County Board of Education
113 East Northside Street
Tuskegee, Alabama 36083

Nathaniel Douglas, Esquire
United States Justice Department
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Fred D. Gray, Esquire
For National Education Association, Inc.
Post Office 830239
Tuskegee, Alabama 36083-0239

*/s/ Lateefah Muhammad*
Lateefah Muhammad

---

[3] *See, e.g., Georgia v. Ashcroft*, 539 U.S. 461, 477 (2003)