IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., | ) |
| Plaintiffs, | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Intervenor and Amicus Curiae, | ) CIVIL ACTION NO. 3:70cv846-T |
| NATIONAL EDUCATION ASSOCIATION, INC., | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| MACON COUNTY BOARD OF EDUCATION, et al., | ) |
| Defendants. | ) |

## MACON COUNTY BOARD OF EDUCATION'S OPPOSITION TO MOTION TO INTERVENE FILED BY JONELL MOSS, ET AL

Comes now, the **Macon County Board of Education,** by and through its attorney of record, and opposes the Motion to Intervene filed by the Honorable Lateefah Muhammad on behalf of Jonell Moss, a minor, by her mother and next friend, Priscilla G. Moss; Teanna Miles, a minor, by her mother and next friend, Gloria Miles; Artasia S. Jackson, a minor, by her mother and next friend, Altrice Austin; Marquavius Smith, a minor, by his mother and next friend, Dorothy Smith; Calvin Cobb, Jr., a minor, by his mother and next friend, Gwendolyn S.

Cobb; Ludie Hall and The Keep South Macon Alive Community Action Group, and states the following grounds in support thereof:

A. Rule 24(a) of the <u>Federal Rules of Civil Procedure</u>, defines Intervention of Right as "upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene, or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties".

B. Intervenors have alleged no statute that confers an unconditional right to intervenors, nor have intervenors presented any reasonable evidence that the Plaintiffs, specifically the United States of America and the National Education Association, Inc. could not adequately represent the Intervenors and ensure that the actions proposed by the Board of Education, i.e. the closing of Washington Public and South Macon Elementary schools and the reconfiguration of those grades between a new elementary school, George Washington Carver Elementary, existing Lewis Adams Early Childhood Center, Tuskegee Public Elementary and Tuskegee Institute Middle School, would perpetuate a dual system of education for those children in Macon County.

C. Intervenors have made no allegations or assertion of any nature, that the Board's proposed action will adversely affect the Board's historical commitment to remove the vestiges of segregation from the assignment of faculty and staff, extracurricular activities, faculty and the assignment of students.

D. Neither have Intervenors made any allegations or assertions that would require them to be allowed permissive intervention in accordance with Rule 24(b) of the <u>Federal Rules of Civil Procedure</u>.

E. In fact, the pleadings filed by the Intervenors clearly prove that their intervention would unduly delay or prejudice the adjudication of the rights of the original parties since Intervenors have failed to state a claim upon which relief can be granted.

F. Intervenors do not have an absolute right pursuant to statute to have a school located in their neighborhood and to attend that school; therefore, where Plaintiffs did not allege or prove a set of facts amounting to misconduct by school board in closing neighborhood school and busing students who would have attended that school to outlying schools, they failed to state a claim upon which relief could be granted. <u>Association for Defense v. Columbus Bd. of Educ.</u>, 460 N.E. 2d. 725 (Ohio App. 1983)

G. Section 16-8-13, <u>Code of Alabama</u>, grants to the county board of education the authority to consolidate schools wherever in its judgment it is practicable and to arrange, if necessary, for the transportation of

pupils to and from such consolidated schools, subject to the provisions of this title.

H. There is no provision in Title 16, which is entitled *Education*, that requires a school to be located in Intervenors' neighborhood or any other neighborhood.

**WHEREFORE**, the Macon County Board of Education in addition to this Opposition, submits the attached affidavit executed by Macon County School District Superintendent Willie C. Thomas, and attached brief, in addition to the pleadings as support, to deny the Motion to Intervene filed by Jonell Moss, et al.

DONE THIS 1st DAY OF AUGUST, 2005.

Respectfully submitted,

/s/ Deborah Hill Biggers
DEBORAH HILL BIGGERS (BIG002)
Attorney for the Macon County
Board of Education
113 East Northside
Tuskegee, Alabama  36083
PH: (334) 727-0092
FAX (334) 727-7117

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing MACON COUNTY BOARD OF EDUCATION'S OPPOSITION TO MOTION TO INTERVENE FILED BY JONELL MOSS, ET AL, upon the Honorable Pauline Miller, Educational Opportunities Section, Civil Rights Division, PHB 4300, 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530 Pauline.A.miller@usdoj.gov, electronically, the Honorable Fred D. Gray Jr., by hand delivery at 104 West Northside Street, Tuskegee, Alabama and the

**Honorable Lateefah Muhammad** by hand delivery at 3805 West Martin Luther King Highway, Tuskegee, Alabama, this 1st day of August, 2005.

_____
DEBORAH HILL BIGGERS
Attorney for the Macon County
Board of Education