ALABAMA DEPARTMENT OF
ENVIRONMENTAL MANAGEMENT

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| MACON COUNTY BOARD OF EDUCATION ) | CONSENT ORDER DRAFT |
| ) | |
| NPDES PERMIT NO. AL0051896 ) | |
| ) | |
| SOUTH MACON HIGH SCHOOL ) | |

## FINDINGS

Pursuant to the provisions of the Alabama Environmental Management Act, Code of Alabama 1975, §§ 22-22A-1 through 22-22A-16, as amended, the Alabama Water Pollution Control Act, Code of Alabama 1975, §§ 22-22-1 through 22-22-14, as amended, the ADEM Administrative Code of Regulations ("ADEM Admin. Code R.") promulgated pursuant thereto, and the National Pollutant Discharge Elimination System administered by the Alabama Department of Environmental Management (hereinafter "the Department") and approved by the Administrator of the U.S. Environmental Protection Agency pursuant to the Federal Water Pollution Control Act § 402, 33 U.S.C. § 1342 and without the adjudication of any issues of fact or law and upon the consent of the parties concerned hereto, the Department makes the following FINDINGS:

1. The Macon County Board of Education (the Permittee) operates a waste water treatment facility known as the South Macon High School WWTP which discharges pollutants from a point source into Calebee Creek,

a water of the State.

2. The Alabama Department of Environmental Management (the Department) is a duly constituted department of the State of Alabama pursuant to §§ 22-22A-1 through 22-22A-16, Code of Alabama 1975, as amended.

3. Pursuant to § 22-22A-4(n), Code of Alabama 1975, the Department is the state water pollution control agency for the purposes of the federal Clean Water Act, 33 U.S.C. §§ 1251 through 1387. In addition, the Department is authorized to administer and enforce the provisions of the Alabama Water Pollution Control Act, §§ 22-22-1 through 22-22-14, Code of Alabama 1975, as amended.

4. On July 16, 1997 the Department issued NPDES Permit Number AL0051896 to the Permittee which established limitations on the discharge of pollutants from such point source, designated therein as outfall number 001, into Calebee Creek. The permit requires that the Permittee monitor its discharges and submit periodic Discharge Monitoring Reports to the Department describing the results of its monitoring.

5. Discharge Monitoring Reports submitted to the Department by the Permittee for the months of January 2001 through June 2001 indicate that the Permittee has discharged pollutants from such point source into Calebee Creek in violation of the limitations established in NPDES Permit Number AL0051896 (see attachment A).

6. The Permittee agrees with the Findings presented in this Consent Order, and, in an effort to cooperate with the Department and to comply

with the provisions of the Alabama Water Pollution Control Act, the Permittee has consented to the terms of this Consent Order.

7. The Department has agreed to the terms of this Consent Order in order to resolve the violations cited in this Consent Order, and the Department has determined that the terms contemplated in this Consent Order are in the best interests of the citizens of Alabama.

ORDER

Based upon the foregoing FINDINGS and pursuant to Code of Alabama (1975), §§ 22-22A-5(10), 22-22A-5(12), 22-22A-5(18), 22-22-9(i), and 22-22-9(k), as amended, and the National Pollutant Discharge Elimination System administered by the Department and approved by the Administrator of the U.S. Environmental Protection Agency pursuant to the Federal Water Pollution Control Act § 402, 33 U.S.C. § 1342, and with the consent of the Permittee, it is hereby Ordered:

A. That, commencing immediately after the effective date of this Consent Order, the Permittee shall comply with all the monitoring and reporting provisions and other discharge limitations of NPDES Permit Number AL0051896 except as set forth in paragraph B of this Consent Order and to the extent not inconsistent with this Consent Order.

B. That, commencing immediately after the effective date of this Consent Order, and while this Consent Order is in effect, the Permittee shall not discharge pollutants from the above-mentioned point source (outfall number 001) at South Macon High School WWTP into Calebee Creek in excess of the following discharge limitations:

## DISCHARGE LIMITATIONS

| Parameter | Weekly Average lbs/day | Monthly Average lbs/day | Weekly Average mg/l | Monthly Average mg/l |
|---|---|---|---|---|
| Ammonia as Nitrogen | 20.0 | 15.0 | 4.0 | 15.0 |

| | Monthly Minimum |
|---|---|
| TSS Percent Removal | 25 |
| CBOD Percent Removal | 50 |

C. That within 90 days after the effective date of this Consent Order, the Permittee shall conduct and complete a thorough investigation of the existing treatment works and maintenance and operating procedures of the facility. The purpose of the investigation shall be to determine if any changes or additions are needed to achieve compliance with discharge limitations contained in NPDES Permit Number AL0051896. At a minimum, the Permittee shall consider each of the following in making that determination: the need for changes in maintenance and operating procedures, the need for modification of existing treatment works, and the need for new or additional treatment works. Not later than 90 days after the effective date of this Consent Order, the Permittee shall submit an engineering report to the Department detailing the complete results of that investigation.

D. That, no later than 120 days after the effective date of this Consent Order, the Permittee shall prepare and submit for the

Department's review and comment a Compliance Plan based upon the report referred to in paragraph C above which outlines the measures necessary to achieve compliance with NPDES Permit Number AL0051896. The compliance plan shall:

1. Identify the causes of noncompliance;

2. Describe the corrective measures required to achieve compliance, including their estimated costs and the proposed method of financing; and

3. Provide an expeditious schedule for implementation of corrective actions necessary to achieve compliance with the Federal Water Pollution Control Act, Alabama Water Pollution Control Act and its NPDES Permit, subject to the Department's concurrence.

A professional engineer licensed in the State of Alabama shall prepare those portions of the compliance plan referred to above which relate to the identification of the causes of noncompliance and the corrective measures required to achieve compliance and shall affix his/her seal and signature to such portions of the plan in accordance with ADEM Admin. Code Chap. 335-6-3. If the Department determines through its review of the submitted Compliance Plan and engineering report plan that the Compliance Plan is not sufficient to accomplish compliance with NPDES permit effluent limitations in a timely manner, it shall be modified so that it does accomplish timely compliance. Modifications to the Compliance Plan, if required, shall be submitted no later than 30 days after receipt of the Department's comments.

E. The Permittee shall comply with all terms, conditions, and limitations of the permit no later than 1095 days after the effective date of this Consent Order.

F. That the Permittee shall prepare and submit to the Department a progress report describing in detail the Permittee's progress towards compliance with each provision of this Consent Order on or before January 31st and July 31st of each year that the Permittee's performance of the obligations under this Consent Order remain incomplete. In addition, not later than 14 days following each applicable due date that is contained in this Consent Order, the Permittee shall submit a written notice of compliance or noncompliance with the requirements of that paragraph. Notices of noncompliance shall state the cause of noncompliance, corrective action taken, and the Permittee's ability to comply with any remaining requirements of this Consent Order.

G. That the Permittee will take all reasonably feasible interim measures or steps to minimize permit violations and to mitigate the health and environmental effects of such violations during the interim period between the effective date of this Consent Order and the completion of all scheduled corrective actions as required by this Consent Order.

H. That for every day after a due date in which action required by this Consent Order is not fully implemented, the Permittee shall pay to the Department a total of $100 for each day. Payment of said penalty shall be due not later than 30 days after the due date of the action and every 30 days thereafter, if necessary. Notification to the Permittee by the

Department of the assessment of this stipulated penalty is not required, and the stipulated penalty is due and payable to the Department within 30 days after the due date of the action and each 30 days thereafter, if necessary, regardless of whether demand for the stipulated penalty has been received by the Permittee. The cumulative stipulated penalties described in this paragraph shall under no circumstances exceed $9,000.

I. Once stipulated penalties of $9,000 have accrued, the Department may, at its discretion, proceed either to a unilateral order revoking this Consent Order and imposing additional fines, or may proceed directly to litigation to seek additional fines and/or injunctive relief to enforce this Order.

J. That all penalties due pursuant to this Consent Order shall be made payable to the Alabama Department of Environmental Management by certified or cashier's check and shall be remitted to:

> Office of General Counsel
> Alabama Department of Environmental Management
> P.O. Box 301463
> Montgomery, Alabama 36130-1463

K. That this Consent Order shall apply to and be binding upon both parties, their directors, officers, and all persons or entities acting under or for them. Each signatory to this Consent Order certifies that he or she is fully authorized by the party he or she represents to enter into the terms and conditions of this Consent Order, to execute the Consent Order on behalf of the party represented and to legally bind such party.

L. That, subject to the terms of these presents and subject to provisions otherwise provided by statute, this Consent Order is intended to operate as a full resolution of the violations which are cited in this Consent Order.

M. That the Permittee is not relieved from any liability if it fails to comply with any provision of this Consent Order.

N. That, for purposes of this Consent Order only, the Permittee agrees that the Department may properly bring an action to compel compliance with the terms and conditions contained herein in a court of competent jurisdiction, including, but not limited to, Montgomery County Circuit Court. The Permittee also agrees that in any action brought by the Department to compel compliance with the terms of this Agreement, the Permittee shall be limited to the defenses of Force Majeure, compliance with this Agreement, and physical impossibility. A *Force Majeure* is defined as any event arising from causes that are not foreseeable and are beyond the reasonable control of the Permittee, including its contractors and consultants, which could not be overcome by due diligence (i.e., causes which could have been overcome or avoided by the exercise of due diligence will not be considered to be beyond the reasonable control of the Permittee) and which delays or prevents performances by a date required by the Consent Order. Events such as unanticipated or increased costs of performance, changed economic circumstances, normal precipitation events, or failure to obtain federal, state or local permits shall not constitute *Force Majeure*. Any request for a modification of a deadline must be

accompanied by the reasons (including documentation) for each extension and the proposed extension time. This information shall be submitted to the Department a minimum of 30 days prior to the original anticipated completion date. If the Department, after review of the extension request, finds the work was delayed because of conditions beyond the control and without the fault of the Permittee, the Department may extend the time as justified by the specific circumstances. The Department may also grant any other additional time extension for good cause shown but is not obligated to do so.

O. That the sole purpose of this Consent Order is to resolve and dispose of all allegations and contentions stated herein concerning the factual circumstances referenced herein. Should additional facts and circumstances be discovered in the future concerning the facility which would constitute possible violations not addressed in this Consent Order, then such future violations shall be addressed in Orders as may be issued by the Director, litigation initiated by the Department, or such other enforcement action as may be appropriate, and Permittee shall not object to such future orders, litigation, or enforcement action based on the issuance of this Consent Order if future Orders, litigation or other enforcement action address new matters not raised in this Consent Order.

P. It is the express purpose of the parties entering into this Consent Order to further the objectives set forth in the Alabama Water Pollution Control Act, §§ 22-22-1 through 22-22-14, Code Of Alabama 1975, as amended, and the Clean Water Act. In light of these objectives, the

Permittee agrees to, *inter alia*, cause the expeditious implementation of the remedial measures as herein set forth and in accordance with the schedules approved by the Alabama Department of Environmental Management, take all steps necessary to: (1) achieve full compliance with its NPDES permit, (2) achieve full compliance with the Alabama Water Pollution Control Act, and (3) comply with all other conditions of this Consent Order.

Q. That, by agreement of the parties, this Consent Order shall be considered final and effective immediately upon signature of all parties. This Consent Order shall not be appealable, and the Respondent hereby waives any hearing on the terms and conditions of same.

| MACON COUNTY BOARD OF EDUCATION | ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT |
|---|---|
| By: *[signature]* | James W. Warr |
| Its: Superintendent | Director |
| DATE 1/15/02 | DATE |