IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., | ) |
| Plaintiffs, | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Intervenor and Amicus Curiae, | ) CIVIL ACTION NO. |
| | ) 3 : 70cv846-T |
| NATIONAL EDUCATION ASSOCIATION, INC., | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| MACON COUNTY BOARD OF EDUCATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM BRIEF

### STATEMENT OF FACTS

This school desegregation case was initiated in 1963 by black children and their parents residing in Tuskegee, Alabama. In August 1963, the Honorable Frank M. Johnson, then a district court judge in the Middle District of Alabama ordered the Macon County Board of Education to immediately take steps to desegregate the schools of Macon County. <u>Lee v. Macon County Board of Education</u>, 221 F. Supp. 297 (M.D. Ala. 1963)

Today in Macon County, black children are no longer a minority in the school district but comprise an overwhelming majority of the students attending Macon County schools.

In an October 17, 2002 regular meeting, the Macon County Board of Education approved the purchase of approximately 40 plus or minus acres on U.S. Highway 29 South, in Macon County, for the construction of a new elementary school. A construction contract was awarded during the Board's meeting of July 7, 2003. But it was not until the Board's meeting of May 19, 2005, that it made a final decision on what schools would be closed and how the grades would be reconfigured.

The Board filed its Petition for Expedited Approval to Close Two Schools and the Opening of a New Elementary School was filed in the U.S. District Court for the Middle District of Alabama on June 17, 2005.

That on June 27, 2005, this Honorable Court issued an Order to the other parties to show cause, if any there be, in writing by July 15, 2005 as to why said petition should not be granted.

This Court also issued another order on June 27, 2005, ordering the parties should now move toward unitary status for the school system and a proposal for unitary status should be filed no later than August 12, 2005 and a status conference is set for August 19, 2005.

A Notice of Appearance and Motion to Intervene were filed by Lateefah Muhammad on July 12, 2005. A Notice of Appearance was filed by Fred D. Gray, Jr. on July 15, 2005 as attorney for Plaintiff-Intervenor National Education

Association (NEA) and Lee Plaintiffs along with its response to the Court's Show Cause Order.

Defendant Macon County Board of Education has initiated discussions with Attorney Fred D. Gray, Jr. about documents he needed through informal discovery and expressed a willingness to cooperate fully. To date, no documents have been requested by such Plaintiffs.

## ARGUMENT

ISSUE: WHETHER THE PETITION FOR INTERVENTION FILED BY JONELL MOSS, ET AL SHOULD BE DENIED WHEN THE MAIN REASON FOR SUCH MOTION IS TO ALLEGE A RIGHT TO CONTINUE TO HAVE A SCHOOL IN THEIR NEIGHBORHOOD.

The Eleventh Circuit Court of Appeals held in **Lee v. Macon County Board of Education**, 970 F. 2d. 767 (11th Cir 1992) that a school board is obligated to take action to remedy racial imbalance in school system if it is vestige of prior de jure system, but not if it is caused merely by demographics. **Freeman v. Pitts**, 112 S. Ct. 1430 (1992)

The Court further recognized in the 1992 **Lee v. Macon** case involving the Macon County Board of Education's consolidation of it high schools, that desegregation had been achieved in Macon County. **(Id. at 773)**

Intervenors have alleged no facts that the Board's proposed closings of Washington Public and South Macon Schools would prevent the already recognized desegregation status of the Macon County School District from continuing to exist.

Intervenors merely allege in their complaint, their own personal preferences for a school continuing to be in their neighborhood as the reason for their opposition to the Board proposed actions.

Intervenors do not have a absolute right pursuant to any statute to have a school located in their neighborhood and to attend that school, therefore, under the existing facts, Intervenors' Motion to Intervene is due to be denied. **Association for Defense v. Columbus Board of Education**, 460 N.E. 2d725(Ohio App. 1983)

Intervenors furthermore have not met the requirements of Intervention by Right nor Permissive Interventon as stated in **Rule 24(a) or Rule 24(b) of the Federal Rules of Civil Procedure**, respectively.

Therefore, the petition of Jonell Moss, et al to intervene, should be denied.

The Macon County Board of Education's Request for Expedited Approval to Close Two Schools and for the Opening of the New School, along with the proposed grade reconfigurations should be granted.

Then the existing parties can continue to develop a proposal that confirms that the six so-called "Green" factors—student assignments, faculty, staff, transportation, physical facilities, and extracurricular activities do not still possess the effects of prior de jure discrimination so that the Macon County

Board of Education can be declared a unitary school district. <u>Green v. New Kent County School Board</u>, 391 U.S. 430 (1968).

DONE THIS 1st DAY OF AUGUST, 2005.

Respectfully submitted,

*/s/ Deborah Hill Biggers*
DEBORAH HILL BIGGERS (BIG002)
Attorney for the Macon County
Board of Education
113 East Northside
Tuskegee, Alabama  36083
PH:  (334) 727-0092
FAX (334) 727-7117

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **MEMORANDUM BRIEF**, upon the **Honorable Pauline Miller**, Educational Opportunities Section, Civil Rights Division, PHB 4300, 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530 **Pauline.A.miller@usdoj.gov,** electronically, the **Honorable Fred D. Gray Jr.,** by hand delivery at 104 West Northside Street, Tuskegee, Alabama and the **Honorable Lateefah Muhammad** by hand delivery at 3805 West Martin Luther King Highway, Tuskegee, Alabama, this 1st day of August, 2005.

*/s/ Deborah Hill Biggers*
DEBORAH HILL BIGGERS
Attorney for the Macon County
Board of Education

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., | ) |
| Plaintiffs, | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Intervenor and Amicus Curiae, | ) CIVIL ACTION NO. |
| | ) 3 : 70cv846-T |
| NATIONAL EDUCATION ASSOCIATION, INC., | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| MACON COUNTY BOARD OF EDUCATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM BRIEF

### STATEMENT OF FACTS

This school desegregation case was initiated in 1963 by black children and their parents residing in Tuskegee, Alabama. In August 1963, the Honorable Frank M. Johnson, then a district court judge in the Middle District of Alabama ordered the Macon County Board of Education to immediately take steps to desegregate the schools of Macon County. **Lee v. Macon County Board of Education,** 221 F. Supp. 297 (M.D. Ala. 1963)

Today in Macon County, black children are no longer a minority in the school district but comprise an overwhelming majority of the students attending Macon County schools.

In an October 17, 2002 regular meeting, the Macon County Board of Education approved the purchase of approximately 40 plus or minus acres on U.S. Highway 29 South, in Macon County, for the construction of a new elementary school. A construction contract was awarded during the Board's meeting of July 7, 2003. But it was not until the Board's meeting of May 19, 2005, that it made a final decision on what schools would be closed and how the grades would be reconfigured.

The Board filed its Petition for Expedited Approval to Close Two Schools and the Opening of a New Elementary School was filed in the U.S. District Court for the Middle District of Alabama on June 17, 2005.

That on June 27, 2005, this Honorable Court issued an Order to the other parties to show cause, if any there be, in writing by July 15, 2005 as to why said petition should not be granted.

This Court also issued another order on June 27, 2005, ordering the parties should now move toward unitary status for the school system and a proposal for unitary status should be filed no later than August 12, 2005 and a status conference is set for August 19, 2005.

A Notice of Appearance and Motion to Intervene were filed by Lateefah Muhammad on July 12, 2005. A Notice of Appearance was filed by Fred D. Gray, Jr. on July 15, 2005 as attorney for Plaintiff-Intervenor National Education

Association (NEA) and Lee Plaintiffs along with its response to the Court's Show Cause Order.

Defendant Macon County Board of Education has initiated discussions with Attorney Fred D. Gray, Jr. about documents he needed through informal discovery and expressed a willingness to cooperate fully. To date, no documents have been requested by such Plaintiffs.

## ARGUMENT

ISSUE: **WHETHER THE PETITION FOR INTERVENTION FILED BY JONELL MOSS, ET AL SHOULD BE DENIED WHEN THE MAIN REASON FOR SUCH MOTION IS TO ALLEGE A RIGHT TO CONTINUE TO HAVE A SCHOOL IN THEIR NEIGHBORHOOD.**

The Eleventh Circuit Court of Appeals held in **Lee v. Macon County Board of Education,** 970 F. 2d. 767 (11th Cir 1992) that a school board is obligated to take action to remedy racial imbalance in school system if it is vestige of prior de jure system, but not if it is caused merely by demographics. **Freeman v. Pitts,** 112 S. Ct. 1430 (1992)

The Court further recognized in the 1992 **Lee v. Macon** case involving the Macon County Board of Education's consolidation of it high schools, that desegregation had been achieved in Macon County. **(Id. at 773)**

Intervenors have alleged no facts that the Board's proposed closings of Washington Public and South Macon Schools would prevent the already recognized desegregation status of the Macon County School District from continuing to exist.

Intervenors merely allege in their complaint, their own personal preferences for a school continuing to be in their neighborhood as the reason for their opposition to the Board proposed actions.

Intervenors do not have a absolute right pursuant to any statute to have a school located in their neighborhood and to attend that school, therefore, under the existing facts, Intervenors' Motion to Intervene is due to be denied. **Association for Defense v. Columbus Board of Education, 460 N.E. 2d725(Ohio App. 1983)**

Intervenors furthermore have not met the requirements of Intervention by Right nor Permissive Interventon as stated in **Rule 24(a) or Rule 24(b) of the Federal Rules of Civil Procedure,** respectively.

Therefore, the petition of Jonell Moss, et al to intervene, should be denied.

The Macon County Board of Education's Request for Expedited Approval to Close Two Schools and for the Opening of the New School, along with the proposed grade reconfigurations should be granted.

Then the existing parties can continue to develop a proposal that confirms that the six so-called "Green" factors—student assignments, faculty, staff, transportation, physical facilities, and extracurricular activities do not still possess the effects of prior de jure discrimination so that the Macon County

Board of Education can be declared a unitary school district. <u>Green v. New Kent County School Board</u>, 391 U.S. 430 (1968).

DONE THIS 1st DAY OF AUGUST, 2005.

Respectfully submitted,

*[signature]*

DEBORAH HILL BIGGERS (BIG002)
Attorney for the Macon County
Board of Education
113 East Northside
Tuskegee, Alabama  36083
PH:  (334) 727-0092
FAX (334) 727-7117

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **MEMORANDUM BRIEF**, upon the **Honorable Pauline Miller**, Educational Opportunities Section, Civil Rights Division, PHB 4300, 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530 **Pauline.A.miller@usdoj.gov**, electronically, the **Honorable Fred D. Gray Jr.,** by hand delivery at 104 West Northside Street, Tuskegee, Alabama and the **Honorable Lateefah Muhammad** by hand delivery at 3805 West Martin Luther King Highway, Tuskegee, Alabama, this 1st day of August, 2005.

*[signature]*

DEBORAH HILL BIGGERS
Attorney for the Macon County
Board of Education