IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff-Intervenor | ) |
|    And Amicus Curiae, | ) |
| | ) |
| NATIONAL EDUCATION | ) |
| ASSOCIATION, INC., | ) |
| | ) |
|    Plaintiff-Intervenor, | ) |
| | ) |
| v. | )CIVIL ACTION NO.: 3:70-cv-846-T |
| | ) |
| MACON COUNTY BOARD OF | ) |
| EDUCATION, et al., | ) |
| | ) |
|    Defendants. | ) |

**LEE PLAINTIFFS' AND PLAINTIFF INTERVENOR NATIONAL EDUCATION ASSOCIATION'S RESPONSE TO MACON COUNTY BOARD OF EDUCATION'S PETITION FOR EXPEDITED APPROVAL TO CLOSE TWO SCHOOLS AND OPEN A NEW ELEMENTARY SCHOOL**

On June 17, 2005, Macon County Board of Education ("the Board"), through its counsel, filed a Petition for Expedited Approval to Close Two Schools and for the Opening of a New Elementary School ("petition") (Doc. No. 74.). No documents, data or affidavits accompanied the petition.  Upon this Court's Order of June 27, 2005 (Doc. No. 76), ordering plaintiff parties to show cause, in writing by July 15, 2005, as to why said petition should not be granted, Plaintiffs herein filed a response, objecting to expedited approval without a hearing based on the following:  (1)  Plaintiffs were unable to adequately respond to the allegations of the petition as the Board had failed to provide in

documents or data to support the matters set forth in the petition or matters that otherwise pertain to the instant desegregation case; (2) The Board had already decided to close the two schools and construct the proposed new school well in advance of filing its petition. This is evidenced by the fact that the construction at the new school was, at the time, upon information and belief, over 75% complete; (3) Court approval should be predicated upon submission by the Board of that which is represented to be full, complete and accurate, to the best of the Superintendent's knowledge and the same should be subject to review and analysis by the parties and any testimony should be subject to examination b the parties plaintiff; (4) Prior to hearing, the parties should have an opportunity to engage in informal discovery on the matters set forth in the petition heretofore filed.

A motion to intervene was filed on July 12, 2005 by parties from the South Macon area (Doc. No. 78) in response to the petition. The motion sought intervention to, among other requested relief, enjoin the closing of South Macon Elementary School. Said proposed intervenors filed a brief in support of the motion to intervene on August 2, 2005 (Doc. No. 92). The Board filed its opposition to motion to intervene on August 2, 2005 (Doc. No. 93), with exhibits and a memorandum brief in support of the same (Doc. No. 94) on even date. On August 2, 2005, the Court conducted an on-the-record status conference on the petition and on the motion to intervene. Upon hearing, the Court noted that there was no opposition to the closing of Washington Public School and orally granted defendant's motion for expedited approval to close Washington Public School. Written order (Doc. No. 97), of August 8, 2005) followed. The Court further directed plaintiff to submit discovery questions to the defendant no later than 9:00 a.m. on Thursday, August 4, 2005, with defendant to respond by 5:00 p.m. the following day.

The parties complied with the directives of the court, plaintiff submitting said requests on the morning of August 4, 2005 and defendant Board responding timely on August 5, supplementing said responses on August 8, upon request by plaintiffs' counsel. Plaintiff was further directed to file a response to the motion by noon, August 9, 2005. Due to computer problems on this day, plaintiff's response was delayed into the afternoon, but, upon notifying the Court and the parties of the complication, filed the within on the proscribed date. The motion to intervene was denied (Doc. No. 96) on August 5, 2005.

Counsel for the Lee Plaintiffs and Plaintiff Intervenor National Education Association has reviewed the following: the petition of the Macon County Board of Education ("Board") for expedited approval to close two schools and open a new elementary school; the motion to intervene and exhibits and brief in support of the same; the Board's opposition to motion to intervene, with exhibits, and memorandum brief in support of the same; the United States' response to the petition, the United States' response to the motion to intervene; the Macon County Board of Education's responses to plaintiffs' discovery requests, and all other pleadings or documents filed from June 17, 2005, to date among documents. The undersigned counsel has also reviewed the docket sheet, significant procedural and litigation activity and selected filings dating from June, 1974 to date. Counsel has considered the objections of the South Macon Community regarding the loss of their school as articulated in the Complaint and Intervention and supporting documents. Finally, counsel has reviewed the large body of law concerning school desegregation in the 11th Circuit as well as other pertinent cases in the United States. The Board having responded to plaintiffs' informal discovery requests, and in light of the current body of law, the facts and circumstances presented in the case at bar,

3

counsel for the plaintiffs herein can see no legal basis to oppose the proposed closing of South Macon School and the opening of a new school (noting, the defendant has admitted the construction, while not previously ordered by the Court, is close to completion). Accordingly, the <u>Lee</u> Plaintiffs and Plaintiff Intervenor National Education Association do not object to the Court granting the defendant's petition to the extent of the remaining issues still open.

       DATED THIS 9th day of August, 2005.

                                              /s/ Fred D. Gray, Jr.
                                              Fred D. Gray, Jr. (GRA044)
                                              Attorney for Plaintiffs

**OF COUNSEL:**

GRAY, LANGFORD, SAPP, MCGOWAN, GRAY
   & NATHANSON
P.O. Box 830239
Tuskegee, Alabama 36083
(334) 727-4830 Phone
(334) 727-5877 Fax

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the forgoing response to motion to intervene has been served upon the following counsel of record, electronically, this 9th day of August, 2005.

| | |
|---|---|
| Deborah Hill Biggers, Esq. | Norman J. Chachkin, Esq. |
| 113 E. Northside Street | NAACP Legal Defense Fund |
| Tuskegee, Alabama 36083 |   and Educational Fund, Inc. |
| | 99 Hudson Street, Suite 1600 |
| | New York, NY 10013 |

Pauline Miller, Esq.
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Avenue NW
Washington, DC 20530

/s/ Fred D. Gray, Jr.
**OF COUNSEL**